UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 15-23486-CIV-MORENO

JULIO HERNANDEZ HERNANDEZ,

    Plaintiff,

vs.

ACOSTA TRACTORS, INC. FELIX F.
ACOSTA and ALEX RIOS,

    Defendants.
_____/

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

As a condition of employment, Plaintiff agreed to abide by Defendant's Employee Handbook, which contained a broad arbitration provision to resolve any employment disputes that could arise. Defendants have moved to compel arbitration of this Fair Labor Standards Act case pursuant to that provision. This Court agrees the arbitration clause is binding and compels arbitration in this case.

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss and/or Compel Arbitration, Stay Proceedings, and Memorandum of Law in Support thereof **(D.E. 9)**, filed on **October 8, 2015**.

THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED in view of the Court's finding that arbitration is appropriate in this case. It is also

**ADJUDGED** that all other pending motions are DENIED as moot and this case shall be stayed during the pendency of the arbitration. It is also

**ADJUDGED** that the Clerk of this Court shall mark this cause as closed for statistical purposes and place the matter in a civil suspense file. The Court shall retain jurisdiction and the case shall be restored to the active docket upon motion of a party if circumstances change so that this action may proceed to final disposition. This order shall not prejudice the rights of the parties to this litigation.

## I. FACTUAL BACKGROUND

Plaintiff, Julio Hernandez Hernandez, is bringing this case for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219. Defendant Acosta Tractors, Inc. employed Plaintiff from May 26, 2009 through his termination on August 24, 2015. Defendant Acosta Tractors provided Plaintiff with an Employee Handbook to review upon the commencement of his employment. The Handbook's section 3 is titled "Assigned Employee Acknowledgments," which Plaintiff signed on May 26, 2009.

In the Acknowledgments, Plaintiff specifically agreed to binding arbitration to resolve all employment disputes and waived any right to a jury trial. Specifically, it reads as follows:

> I and SOI mutually agree that any legal dispute involving SOI, Company, or any benefit plan, insurer, employee, officer, or director of SOI or Company arising from or relating to my employment, wages, leave, employment benefits, application for employment, or termination from employment *will be resolved exclusively through binding arbitration* before a neutral arbitrator heard in the capital or largest city in the state in which I work or another mutually agreed location (emphasis supplied) . . . No failure to strictly enforce this agreement to arbitrate will constitute a waiver or create any future waivers and no-one other than counsel for SOI may waive this agreement for SOI, and then only in writing. This agreement to arbitrate is enforceable as a contract under the Federal Arbitration Act and any other laws validating arbitration agreements. . .

2

Defendant has moved to compel arbitration pursuant to this provision.

## II. LEGAL ANALYSIS

Federal policy favors enforcement of arbitration agreements and requires courts to broadly construe arbitration provisions, resolving all doubts in favor of arbitration. *Seaboard Coast Line R. Co. v. Trailer Train Co.*, 690 F.2d 1343, 1348 (11th Cir. 1982). It is well-settled that written arbitration agreements are valid, enforceable, and are to be liberally enforced. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). "[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract itself or an allegation of waiver, delay or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25. Moreover, the Supreme Court has held the Federal Arbitration Act applies to employment contracts, and only exempts transportation workers actually moving goods across state lines. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 112 (2001). Plaintiff, in this case, is described as a laborer at a tractor company, and is not an exempt transportation worker. *See also Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1364 (11th Cir. 2005) (applying Federal Arbitration Act to compel arbitration in a Fair Labor Standards Act case).

Plaintiff challenges the arbitrability of his case by arguing the arbitration agreement lacks mutuality. Specifically, Plaintiff argues the arbitration provision can only be waived by Defendant and not him, and is therefore, unenforceable. In Florida, however, a one-sided arbitration agreement is enforceable so long as the agreement as a whole is supported by valid consideration. *Tranchant v. Ritz Carlton Hotel Co., LLC*, No. 2:10–cv–233–FtM–29DNF, 2011 WL 1230734, *4 (M.D. Fla. Mar. 31, 2011). "[M]utual promises to arbitrate are not the only

form of consideration sufficient to support an arbitration provision." *Id.; see also Avid Eng'g Inc. v. Orlando Marketplace, Ltd.*, 809 So. 2d 1, 4 (Fla. 5th DCA 2001) (holding that where there is sufficient consideration for the entire agreement, that consideration supports the arbitration provision as well).

In *Tranchant*, the court reviewed an arbitration provision in an employment contract, when the employee challenged the provision claiming it was not supported by valid consideration. *Tranchant*, 2011 WL 1230734 at *4. The court found the arbitration provision was supported by valid consideration in the form of continued employment in an at-will state. *Id.* Since employment in Florida is at-will, Defendants were under no pre-existing duty to employ or continue Plaintiff's employment. Plaintiff signed an agreement to arbitrate at the outset of his employment, as a condition of his employment. His continued employment served as sufficient consideration for his agreement to arbitrate. *Id.* Accordingly, the Court compels arbitration of this case.

DONE AND ORDERED in Chambers at Miami, Florida, this __10__ of November 2015.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record