UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-23486-CIV-FAM

JULIO HERNANDEZ HERNANDEZ and all others similarly situated under 29 U.S.C. 216(B),

       Plaintiff,

vs.

ACOSTA TRACTORS INC,
FELIX F. ACOSTA,
ALEX ROS,

       Defendants.

_____

**PLAINTIFFS' RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION FOR RECONSIDERATION [DE 21]**

COMES NOW the Plaintiff, through Counsel, and opposes [DE 21] as follows:

**INTRODUCTION**

1. For the reasons below, Plaintiffs (there are (2) other related district court matters pending) believe the appropriate ruling as to the issue at hand is as follows. A default should be entered against Defendants as to liability, and this matter should be tried before a Jury as to damages only. Moreover, Defendants should be required to pay all fees and costs accrued by Plaintiffs in the Arbitration as they unnecessarily compelled same, and then failed, neglected or refused to arbitrate under the case law set forth *infra*. Moreover, the Arbitrator's dispositive rulings should be vacated since Defendants compelled and then abandoned the arbitration process. Plaintiffs intend to file a Motion seeking such relief, and Defendants oppose same pursuant to an e-mail dated 10/26/16.

1

2. Defendants have sought similar relief in the instant case and (2) other cases filed in this Court. *Garcia v. Acosta Tractors Inc. et al.*, 12-21111-CIV-SIMONTON ("*Garcia"*); *Hernandez v. Acosta Tractors Inc. et al.*, 15-23486-CIV-MORENO ("*Hernandez)*; and *Cordova v. Acosta Tractors Inc. et al.*, 13-22377-CIV-GOODMAN ("*Cordova*").

3. As indicated by the *Garcia* docket, on 10/20/16 in *Garcia* the undersigned filed a copy of the Order Terminating Arbitration, signed by Arbitrator Harold Smith on 10/20/16. As indicated at Page 12 of the Order, the Arbitration was terminated because the Defendants did not pay the Arbitrator's fees and violated Rule 46 of the AAA's Rules.[1] In light of the aforesaid, Plaintiffs request that this Court set this matter for a Jury Trial. *Cordova* was consolidated with *Garcia* in the arbitration. *Hernandez* was not consolidated with *Garcia* in the arbitration, and Plaintiffs opposed same—not only has *Garcia* been pending since 2012, the Plaintiff in *Hernandez* sought a reasonable opportunity to conduct discovery to establish his own claim in preparation of the final hearing.

4. In addition, as set forth below all Plaintiffs should be afforded a Jury Trial, and it would be appropriate for all of the matters to be consolidated with *Garcia* given that it has been pending longer, so long as further discovery is permitted particularly as *Hernandez* has been assigned a different Arbitrator (Elaine Feldman), and that matter has not even yet been afforded initial depositions. Unlike in *Garcia* with respect to Arbitrator Smith, in *Hernandez* Arbitrator Feldman has not thus far terminated that Arbitration and the Arbitration's scheduling order remains active.

5. Defendants' Motion should ruled upon as set forth below.

## MEMORANDUM OF LAW AND ARGUMENT

---

[1]This failure to pay the Arbitrator's fees finalized after the Arbitrator granted Defendants several requested extensions to pay same.

As previously explained in *Garcia* before Arbitration was commenced, regarding arbitration, the "doctrine of waiver is not an empty shell. Waiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party." *Morewitz v. W. of England Ship Owners Mut. Prot. & Indem. Ass'n*, 62 F.3d 1356, 1366 (11th Cir. 1995). "Waiver of a right to compel arbitration through delay is consistent with 'Congress'[s] clear intent, in the Arbitration Act, to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible[.]'" *See In re Checking Account Overdraft Litig.*, 829 F. Supp. 2d 1316, 1323 (S.D. Fla. 2011) (King, J.) (citation omitted).

Plaintiff argued waiver in *Garcia*, because, as indicated by the docket in *Garcia*, Garcia was filed (6) months before Defendants sought to compel arbitation, and *Garcia* had been mediated with the Magistrate.  As indicated by [DE 26] in *Garcia*, the motion to amend the complaint was unopposed, and Plaintiffs argued that the Court should reject any and all argument raised by the defense, because if they had intended to seek arbitration they should have adequately conferred and put the undersigned Firm and the Court on notice in a timely fashion.  However, at the present time, the problematic nature of this litigation has now been severely exacerbated as Defendants in *Garcia*, *Cordova* and *Hernandez* forced Plaintiffs to submit to arbitration, and now have abandoned same without adequate justification.[2]

"[W]hen the purpose of arbitration—to provide a cost-effective and efficient means of

---

[2] As explained herein, it appears that the Defendants' decision to abandon Arbitration was due to unfavorable ruling made by the Arbitrator in *Garcia*.

3

resolving a claim—is thwarted by a party's default in failing to pay the required fees[,] the Court believes that the paying party's right to have its dispute adjudicated and not to be unreasonably held at the mercy of a nonpaying party outweighs the strong presumption in favor of arbitration." *Pre-Paid Legal Services, Inc. v. Cahill*, 786 F.3d 1287, 1299 (10th Cir. 2015), *cert. denied*, 136 S. Ct. 373 (2015).

However, in the case at bar, the Court should not merely permit the Defendants to have these matters sent back to the District Court without consequence, after the Defendants vexatiously caused unnecessary arbitration proceedings, particularly with regard to the *Garcia* matter given that it is a 2012 case.  Analogously, the *SWAB Fin.* case stated that the "plaintiff failed to appear at the arbitration; and an award was entered in defendant's favor." *SWAB Fin. v. E\*Trade Sec.,* 58 Cal. Rptr. 3d 904, 917 (Ct. App. 2007).  The court then held that "[t]he order vacating the arbitration award is reversed." *SWAB Fin. v. E\*Trade Sec.,* 58 Cal. Rptr. 3d 904, 920 (Ct. App. 2007).  Clearly the arbitrator in *SWAB Fin.* had the authority to enter an award against the plaintiff who failed to appear at the final hearing, and therefore, the District Court in the instant matter should find that it has authority to enter a default against the Defendants, who have in bad faith refused to arbitrate which caused Arbitrator Hal Smith to terminate the Arbitration in *Garcia* (*Cordova* was consolidated with *Garcia* at the arbitration level).

The Southern District of Florida has also addressed such issues (when analyzing an employer's failure to pay for an arbitration the employer compelled): "[t]he distinction here, of course, is that to some extent the facts were stronger in *Sink* justifying that end result because the arbitrator took an affirmative action—entering a default—upon the non-payment of the arbitration fee. The Court then simply enforced the arbitrator's judgment and

4

closed the case." *Garcia v. Mason Contract Products, LLC*, 08-23103-CIV, 2010 WL 3259922, at *3 (S.D. Fla. 2010). In relation to the case at bar, in light of Defendants' conduct, the Court should default the Defendants in all of the respective cases (*Hernandez*, *Cordova* and *Garcia)*, and these matters to proceed to the Jury for a damages determination.

Plaintiffs also refer this Court to case law such as *Tillman* from the Ninth Circuit which stated that "*Lifescan* held that there was no "failure, neglect, or refusal" to arbitrate where one party had been *unable* to pay and the AAA suspended the proceedings when the other party was unwilling to front the bill." *Tillman v. Tillman*, 825 F.3d 1069, 1075 (9th Cir. 2016). Thus, in the case at bar, this Court should find the Defendant failed, neglected, or refused to arbitrate. In fact, Defendants' conduct was clearly deliberate and intentional, and Arbitrator Hal Smith found in his Order, referenced *supra*, that the Arbitration was terminated because the Defendants did not pay the fees and violated Rule 46 of the AAA's Rules—after having granted several extensions for Defendants to comply.

Defendants do not appear to have provided any verifiable financial documentation to attest that the Defendant Acosta Tractors, Inc. or the other Defendants are actually "unable" to pay for the arbitration fees.[3] Rather, Defendants in the case at bar have dragged Plaintiffs (particularly in *Garcia* for approximately 3.5 years) through lengthy arbitration that Plaintiffs opposed, and now have disrupted the arbitration because they do not want to pay the required fees, after experiencing adverse rulings by the Arbitrator. The Southern District of Florida has previously found for example that "[t]here is no record evidence as to Kotch's personal financial resources, assets or income, and his conclusory assertion that

---

[3] Logically, Defendants should pay for the Arbitration that they moved to compel over Plaintiffs' objections.

5

arbitration costs would be "cost prohibitive" is insufficient. *See Musnick,* 325 F.3d at 1260 (finding that contention in litigant's affidavit that he feared the imposition of prohibitive fees was "wholly inadequate to establish that the arbitration would result in prohibitive costs that force him to relinquish his claim"). *Kotch v. Clear Channel Broad., Inc.*, 17 Fla. L. Weekly Fed. D 401 (S.D. Fla. 2004). Thus, in the case at bar, Acosta Tractors, Inc. and the other Defendants have not at all justified their apparent intentional abandonment of the arbitration process they compelled to Plaintiffs' detriments.

Based on the aforesaid, the Court should find that Defendants have vexatiously multiplied the proceedings in forcing arbitration and then intentionally abandoning same without providing adequate justification. *See, Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)(conduct is vexatious and unreasonable when it "results in proceedings that would not have been conducted otherwise[]"). Defendants have unnecessarily caused the Plaintiffs in *Garcia*, *Cordova* and *Hernandez* to engage in time-consuming arbitration proceedings unnecessarily. Therefore sanctions are warranted as Defendants have in bad faith caused unnecessary litigation.

The Court has authority to impose attorneys' fees and costs and enter a default. Analogously, in *Onebeacon Insurance Company v. Milbourne*, 2005 WL 3797628, (N.D. Ga. 2005) the district court found that failures to obey discovery orders regarding, *inter alia*, interrogatories and request for production can include striking pleadings or parts thereof and also default judgments. In the case at bar, Defendants conduct has impacted (3) district court cases (*Garcia*, *Cordova* and *Hernandez)*, and Defendants notably dragged *Garcia* through approximately (3.5) years of unnecessary arbitration and then abandoned same when such was in a posture for final hearing.

6

In light of Defendants' conduct in this matter, the Court should sanction Defendants under Section 1927 and also pursuant to its inherent power to police its docket. The Court should not permit Parties to waste judicial resources by compelling arbitrations, which are later abandoned in bad faith by the party requesting same, resulting in significant wasted arbitration proceedings that fester over a period of several years.

Regarding the instant dispute, the *Garcia* case initially went through a settlement conference but did not settle. Thereafter, following the passage of (6) months of litigation in the district court along with accrual of fees and costs, the defense pulled out the arbitration card without ever pursuing same previously. Neither previous nor current defense counsel sought to enforce arbitration at such time. Nevertheless, this Court in *Garcia* gave the defense an opportunity to enforce the arbitration provision (notwithstanding Plaintiffs' argument of waiver). This Court in *Garcia* sent that matter to arbitration on 2/07/2013 [DE 43], and now, over (3.5) years later, Defendants refuse to pay the required fees and have not provided adequate proof that they are "unable" to pay same.

Notwithstanding that Defendants have intentionally refused to arbitrate, they still are trying to benefit from the arbitration agreement to deny Plaintiffs a Jury trial. It seems clear Defendants conduct is intentional and they have more than waived their rights at this time to seek benefits from the arbitration agreement.[4] The Arbitration Agreements filed in the related cases are as follows: *Garcia* [DE 31-1], *Cordova* [DE 7], and *Hernandez* [DE 9-1]. Both the *Cordova* and *Garcia* Arbitration Agreements state that "I and SOI further mutually waive any right to a jury trial." Whereas, the Arbitration Agreement in *Hernandez* states

---

[4] Defendants' transparent attempt to "cherry pick" provisions from the Arbitration Agreement, while manipulating the judicial process, should be rejected outright by this Court.

7

that "[i]f a matter is heard in court and not arbitration for any reason, I and SOI mutually waive any right to a jury trial."  In the related pending motions filed by Defendants in the *Cordova* [DE 28] and *Hernandez* [DE 21] matters, Defendants reference such language from the Arbitration Agreements, both at FN5, apparently to argue that Plaintiffs are not entitled to a Jury Trial regardless.  However, only *Hernandez* contains the "for any reason" language, and regardless this Court should find that Defendants waived any right at this point to enforce any provision in the Arbitration Agreements.  These matters should each proceed to a Jury Trial, and a default on liability entered versus the Defendants.

Defendants have tried to deflect the blame from them by arguing that Plaintiffs are forum shopping, because Plaintiffs believe it would be most appropriate to consolidate all of these matters in a Jury Trial before the Magistrate in *Garcia*.  However, Defendants are themselves transparently forum shopping as they compelled arbitration, and now are attempting to return to the District Court because they are unhappy with Arbitrator Hal Smith's rulings.  For example, Arbitrator Smith denied Defendants' motion to consolidate *Hernandez* with *Garcia*, and also denied reconsideration of same on 8/1/16.  Moreover, it is clear Defendants are unhappy that they were required by AAA to pay the Arbitrations fees and costs, notwithstanding that they compelled same over Plaintiffs' objections.  As stated, Elaine Feldman is the Arbitrator in the *Hernandez* Arbitration, and such Arbitration has not thus far been formally terminated (unlike *Garcia*).

The said consolidation conferral was an attempt by Plaintiffs to find a pragmatic resolution in light of Defendants' abuse of the arbitration process.  As stated, Defendants should be sanctioned, default entered, and these matters should proceed to the Jury as to damages only.  Moreover, Plaintiffs in all of these cases should be awarded fees and cost for

8

all of the time spent unnecessarily in arbitration and in relation to responding to this Motion and those in the sister cases.  Moreover, the arbitrator's dispositive rulings should be vacated as a further sanction since Defendants have abused and abandoned the arbitration process and failed to pay for same.  Defendants generally cite Rule 60(b)(6) of the Federal Rules of Civil Procedure to be relieved of judgment (i.e. a lift of the very stay Defendants caused by imposing arbitration against Plaintiffs' opposition) but cite no on-point case law as to why Defendants should benefit from Rule 60(b)(6) given their conduct in this matter.

Defendants also seek consolidation.  Should the Court agree that consolidation is appropriate, Plaintiffs would state that all of the cases should be consolidated with Magistrate Simonton under the *Garcia* case number, and the Parties had previously stipulated to full Magistrate jurisdiction in such case. Such would be the practical solution as the docket in *Garcia* is more fully developed as it was filed back in 2012, and the assigned Magistrate Judge is expected to be most familiar with this matter (the *Garcia* matter has multiple Plaintiffs with FLSA claims).  As stated this matter should proceed to a Jury trial, limited to damages.

WHEREFORE, A DEFAULT SHOULD BE ENTERED AGAINST DEFENDANTS AS TO LIABILITY JOINTLY AND SEVERALLY, AND THIS MATTER SHOULD BE TRIED BEFORE A JURY ON DAMAGES ONLY.  SHOULD THIS MATTER BE CONSOLIDATED, PLAINTIFFS REQUESTS *CORDOVA* AND *HERNANDEZ* BE CONSOLIDATED WITH *GARCIA* UNDER CASE NUMBER 12-21111-CIV-SIMONTON.  MOREOVER, DEFENDANTS SHOULD BE REQUIRED TO PAY ALL FEES AND COSTS ACCRUED IN THE ARBITRATION AS THEY UNNECESSARILY COMPELLED SAME, AND THEN INTENTIONALLY REFUSED TO ARBITRATE UNDER THE CASE LAW SET FORTH

9

*SUPRA*, WITHOUT PROVIDING EVIDENCE THAT THEY ARE "UNABLE" TO PAY THE ARBITRATION COSTS.  MOREOVER, THE ARBITRATOR'S DISPOSITIVE RULINGS SHOULD BE VACATED SINCE DEFENDANTS COMPELLED AND THEN ABANDONED THE ARBITRATION PROCESS AND REFUSE TO PAY THE COSTS.

**Respectfully submitted,**

**K. DAVID KELLY, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FL 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: DAVID.KELLY38@ROCKETMAIL.COM**
**F.B.N. 0123870**

BY:_____/s/ K. David Kelly_____
K. DAVID KELLY, ESQ.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT SUBSEQUENT TO E-FILING ON 10/31/16 TO:**

**ALL CM/ECF RECIPIENTS**

**GUNSTER, YOAKLEY & STEWART, P.A.**
**600 BRICKELL AVENUE, STE. 3500**
**MIAMI, FL 33131**

BY:__ /S/ K. DAVID KELLY _____
K. DAVID KELLY, ESQ.