## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No:  15-23486-CIV-FAM

JULIO HERNANDEZ HERNANDEZ, et al.,

                Plaintiffs,

vs.

ACOSTA TRACTORS, INC.
FELIX F. ACOSTA,
ALEX ROS,

                Defendants.

_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR DEFAULT, JURY TRIAL AS TO DAMAGES, SANCTIONS, AND FOR MISCELLANEOUS RELIEF

Defendants, Acosta Tractors, Inc., Felix F. Acosta, and Alex Ros, through undersigned counsel hereby respond in Opposition to Plaintiff's Renewed Motion for Default, Jury Trial as to Damages, Sanctions, and for Miscellaneous Relief, and state:

**I.    Introduction**

After the previously-compelled arbitration proceedings were dismissed without any adjudication on the merits, having failed of their essential purpose, Defendants sought, appropriately, to return to this court for non- jury trial of this

and two other identical FLSA cases.[1]   Plaintiff, agreeing that this matter should return to this Court for trial, now inappropriately seeks summary rulings to which he is not entitled.  Plaintiff's assertion that he is entitled to a default judgment as to liability is undermined by the very authority upon which he purports to rely. Plaintiff repeatedly confuses court rulings that address a default in arbitration with a default judgment on liability.

While Defendants agree the case should be re-opened, Plaintiff's further assertions that the cases should be returned to this Court for a jury trial on the sole issue of damages and that Plaintiffs in all of the cases are entitled to sanctions are completely unfounded in the law and should be denied. It is however noteworthy that in seeking such relief, Plaintiff agrees that the cases should be consolidated.

## II.    Plaintiff Is Not Entitled to a Default Judgment as to Liability

Plaintiff's argument that Defendants should be defaulted because of the suspension of the arbitration proceedings is without any support in law or fact. Indeed, Plaintiff spends most of his diatribe on the proceedings in the related *Garcia* matter, despite the fact that Plaintiff's staunch opposition to consolidation unnecessarily increased the costs of the arbitration proceedings to such an extent that it was no longer a cost effective, efficient process.  Further, the mere making

---

[1] *Garcia v. Acosta Tractors, et al.* Case No. 12-21111-CIV-SEITZ/SIMONTON and *Cordova v. Acosta Tractors and Felix F. Acosta*, Case No. 13-22377-CIV are also pending in the Southern District of Florida.

of the argument reflects Plaintiff's unspoken acknowledgement that the cases should indeed be consolidated.

In an attempt to find support where there is none, Plaintiff mischaracterizes case law and cherry picks misleading quotes to argue that he is entitled to an order of default on liability.  The cases cited by Plaintiff offer no support for this conclusion and, quite the opposite, support Defendants' request that these matters proceed here.

Contrary to all of Plaintiff's suggestions otherwise, the law is that, following termination of the arbitration pursuant to the American Arbitration Association's ("AAA") procedures, the matter should return to this Court for disposition.[2] There is no support for Plaintiff's request for the entry of a default judgment against Defendants as to liability.  The cases Plaintiff cites are inapposite.  Indeed, *Pre-Paid Legal Svcs., Inc. v. Cahill* supports that termination of an arbitration due to non-payment of fees means the arbitration "had been had in accordance with the terms of the agreement," justifying the lifting of a stay, *exactly the relief Defendants seek.*  786 F.3d 1287, 1294 (10th Cir. 2015). Similarly, in *Garcia v. Mason Contract Products, LLC*, the court ruled that a party who failed to pay its

---

[2] Oddly, Plaintiff argues that the *Garcia* matter -- pending before Judge Seitz-- should not have been compelled to arbitration over three and a half years ago.  Plaintiff cites to a series of cases that address waiver of arbitration and stand for the proposition that a case should not be compelled to arbitration if the compelling party has waived that right.  Defendants are not seeking to return to arbitration.  Quite to the opposite, Defendants initiated the request to re-open this matter in federal court after the arbitration was suspending because the costs were untenable. However, by continuing to conflate this matter with the *Garcia* matter, Plaintiff is implicitly agreeing that consolidation is appropriate.

share of the costs of arbitration could not thereafter claim an entitlement to a stay or dismissal under the Federal Arbitration Act.  2010 WL 3259922 (S.D. Fla. Aug. 18, 2010).  Thus, the appropriate remedy was for the parties to return to the federal court.  Plaintiff quotes *Garcia* for the proposition that in *Sink*, the arbitrator took affirmative action by "entering a default" and the court enforced the arbitrator's judgment by closing the case.  However, Plaintiff again confuses a default under arbitration with a default judgment as to liability and mischaracterizes the final ruling in *Sink*.

In *Sink v. Aden Enterprises, Inc.*, the court found the defendants in default of arbitration for failure to pay and denied the defendants' motion to return to arbitration, instead ordering that the case proceed in the district court because defendants had waived arbitration, exactly what Defendants here have sought to do.  352 F.3d 1197 (9th Cir. 2003).  The court did not enter a default judgment as to liability.  *Id.*  *SWAB Financial v. ETrade Securities* also does not support an entry of default as to liability against Defendants.  150 Cal. App. 4th 1181 (Cal. Ct. App. 2007).  In *SWAB*, the plaintiff failed to attend several hearings, failed to produce documents in contravention of orders and failed to appear at the final hearing.  *Id*. at 1187.  The arbitration association's rules provided that if any party failed to appear at a hearing, the arbitrators could proceed in their absence.  *Id.* at 1192.  The arbitrators elected to do so, and in compliance with their own

procedures heard the evidence presented by the defendant, ultimately ruling in the defendant's favor.  *Id*. at 1192-93.

Plaintiff suggests, without any authority, that because the arbitration association in *SWAB* had the authority, pursuant to its own rules and the parties' agreement, to move forward with a hearing without the presence of the plaintiff and ultimately render a ruling based on the evidence presented at the hearing, that this Court has the authority to enter a default against Defendants as to liability. Plaintiff's assertion is without any support in the *SWAB* case, which, if anything, stands for the proposition that the court should uphold the decision of the arbitrator made pursuant to the rules of the selected arbitral forum.  Here, AAA did in fact follow its own procedures when it terminated the arbitration proceeding because Defendants were unable to make payment.

Plaintiff's reliance on *OneBeacon Ins. Co. v. Milbourne* is similarly misplaced.  2005 WL 3797628 (N.D. Ga. Oct. 20, 2005).  In *OneBeacon*, the defendant failed to comply with discovery obligations and the court's discovery orders; subsequently, the court struck the defendant's answer and affirmative defenses pursuant to authority granted under Rule 37 of the Federal Rules of Civil Procedure.  *Id*. at *3-4.  The inability to pay[3] unreasonable arbitration fees is not

---

[3] Plaintiff also argued without support that the Defendants were required to include proof of their inability to pay in order to return to this Court.  The cases cited by Plaintiff do not require such a showing.  Indeed, *Musnick v. King Motor Co. of Ft. Lauderdale,* 325 F.3d 1255 (11th Cir. 2003), only addresses the proof necessary when the court is deciding whether it will initially enforce an arbitration provision; it does not address a request to return to federal court.

analogous to the failure to comply with discovery rules and court orders, and Rule 37 is not applicable here.

Plaintiff further alleges that Defendants have "failed, neglected, or refused" to arbitrate and accordingly should be defaulted.   There was no failure, neglect, or refusal to arbitrate.   Defendants participated fully in the arbitration until it was dismissed, including responding to Plaintiff's discovery requests and producing four witnesses for deposition, all of whom had been previously deposed on identical claims by the same legal counsel in a related proceeding.   Regardless, whether the Defendants "failed, neglected or refused" to arbitrate would only be relevant to the extent that the parties sought to return to arbitration. *See* 9 U.S.C. § 4 ("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition the United States district court . . . for an order directing that such arbitration proceed in a manner provided for in such agreement.").   However, neither party is seeking to return to arbitration and the alleged "failure, neglect, or refusal" to arbitrate in no way supports the entry of a default judgment.   As the Ninth Circuit stated in *Lifescan, Inc. v. Premier Diabetic Svcs., Inc.,* "there was no 'failure, neglect, or refusal' by [defendant] to arbitrate in this case; the arbitration has proceeded pursuant to the parties' agreement and the rules they incorporated."   363 F.3d 1010, 1012 (9th Cir. 2004).   *See also Tillman v. Tillman*, 825 F.3d 1069, 1075 (9th Cir. 2016).

After Defendants initially received bills from AAA that totaled approximately $100,000 between the two identical arbitrations, they sought relief from this Court.  The motion was denied as the arbitration had not been suspended. In January, Defendants requested the arbitrator suspend the proceedings for their inability to pay.  She denied that motion and Defendants proceeded to engage in discovery in good faith until Plaintiff urged a suspension and AAA suspended the proceedings.   Accordingly, there was no "failure, neglect, or refusal to arbitrate," nor was there a "clearly deliberate and intentional" act on the part of Defendants as Plaintiff alleges.

There is no support for Plaintiff's request for a default judgment.  The appropriate course of action is for the cases to return to this Court for adjudication.

## III.   Plaintiff Waived a Trial by Jury

Plaintiff claims in his motion that if the case returns to this Court, he is entitled to a trial by jury, even though he has waived that right.  "A court will enforce a contractual provision waiving the right to a jury trial absent an indication that the party's consent was either involuntary or uninformed." *Milsap v. Cornerstone Residential Management, Inc.*, 2007 WL 965590, *1 (S.D. Fla. Mar. 28, 2007) (citing *D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 185-86 (1972)). *See also Oglesbee v. IndyMac Fin. Svcs., Inc.*, 675 F. Supp. 2d 1155, 1157 (S.D. Fla. 2009).

Plaintiff here and the plaintiffs in the other two related federal cases all signed an Assigned Employee Acknowledgments agreement which contained a jury trial waiver.   Plaintiff signed a jury waiver which states "[i]f a matter is heard in court and not arbitration for any reason, I and SOI mutually waive any right to a jury trial."[4]

Both Florida and federal courts have recognized that a jury waiver and arbitration provision in the same agreement may be reconciled.  *See Bari Builders, Inc. v. Hovstone Properties Fla., LLC*, 155 So. 3d 1160, 1162 (Fla. 4th DCA 2014) ("Read together, the provisions provide that the parties agree to submit any 'controversy or claim' to arbitration and, thereafter any award may be reduced to a judgment in court without the right to a jury trial.  Additionally, in the event that the parties choose to waive their right to arbitrate, the clause provides that any 'action' in court will be in the form of a bench trial.").  *See also Sims v. Claredon Nat. Ins. Co.*, 336 F. Supp. 2d 1311 (S.D. Fla. 2004).  Here, the parties have all clearly and unmistakably waived a right to a trial by jury.

## IV.   The Arbitrator's Dispositive Ruling on Summary Judgment in the *Garcia* Matter Should Not be Vacated

Plaintiff also raises in his motion that the dispositive rulings of the arbitrator in the *Garcia* arbitration should be vacated.   Notably, there is no dispositive

---

[4] Plaintiff Corent signed an identical jury waiver. Plaintiffs Garcia, Salinas, and Cordova signed a jury waiver which states "I and SOI [the employer per an employee leasing program agreement] further mutually waive any right to a jury trial."

summary judgment ruling in the arbitration of this case.  Plaintiff has offered no basis in which this Court may consider the summary judgment order issued by the *Garcia* arbitrator as it relates to claims raised by Plaintiffs Garcia and Salinas. Accordingly, Plaintiff's request for this Court to vacate the arbitrator's order on the motion for summary judgment in the *Garcia* arbitration should be denied.

## V.  Plaintiff is Not Entitled to Sanctions

Plaintiff has provided no basis for which he believes he is entitled to sanctions.   Plaintiff's motion speaks largely of things that occurred in the companion cases, *Garcia* and *Cordova*, rather than events which have occurred in this matter here.  By doing so, Plaintiff is at least implicitly agreeing that the three cases should be consolidated and treated as one.  Further, to the extent relevant, it is clear that it is Plaintiff and his counsel who have done all they could to render the arbitration proceedings inefficient and expensive.

The *Garcia* arbitration went on for approximately three and one half years. Those plaintiffs took approximately twenty-three depositions, including the Plaintiff here, and insisted that a four day hearing was necessary after listing over thirty witnesses for a simply FLSA claim.  The expansion of the hearing to a four-day hearing resulted in a continuance, over the Defendants' objections.  On the eve of a final hearing in *Garcia*, the same legal counsel then filed this case.  Plaintiff's lawsuit raises the identical legal issues raised in the *Garcia* arbitration and was so similar in content that Plaintiff's Complaint begins "Plaintiff, EUSEBLO

CASANAS CORDOVA," a strong indicator that Plaintiff Cordova's complaint served as the basis for Plaintiff's Complaint here.

Defendants sought to compel Plaintiff to arbitration so they could consolidate all of the identical matters before a single arbitrator. After this Court compelled Plaintiff to arbitration, Plaintiff refused to join the *Garcia* arbitration. Instead, he insisted on filing a separate claim, seeking a separate, four-day final hearing, listing the same witnesses (totaling over thirty individuals) and seeking to re-depose individuals who have previously provided testimony on this identical set of facts and legal issues.

Plaintiff accuses the Defendants' of vexatious litigation for enforcing an arbitration agreement and seeking the benefits of a cost effective, efficient alternative to litigation. Throughout the entirety of these proceedings, Defendants have acted in good faith to resolve all pending cases between the parties in the most expeditious manner possible. In this case, Plaintiff sought and obtained written discovery and took four depositions. Plaintiff objected to responding to the single interrogatory question and seven paragraph document request from Defendants. If anyone has vexatiously multiplied these proceedings, it is Plaintiff and his counsel, through their refusals to consolidate, insistence on multiplying discovery, opposition to motions to which they ultimately agree, and demands for relief that are wholly unsupported in the law. Plaintiff's accusations are unfounded and Plaintiff's requests for sanctions should be squarely denied.

## VI.   Conclusion

Plaintiff is not entitled to the entry of a default judgment as to liability.  As the case law demonstrates, the appropriate posture is for the case to return to the federal court for adjudication on the merits.  Plaintiff has waived a jury trial and has provided no evidence to support his request for this Court to vacate a summary judgment ruling in a related case.  Finally, Plaintiff is not entitled to sanctions, as Defendants have acted in good faith throughout these proceedings and have not increased litigation in a vexatious manner.  Accordingly, the case should be re-opened, the stay lifted, and this case consolidated with the pending related matters, however, Plaintiff's Motion for Default, Jury Trial as to Damages, Sanctions, and for Miscellaneous Relief should be denied.

Respectfully submitted,

GUNSTER, YOAKLEY & STEWART, P.A.
600 Brickell Avenue, Suite 3500
Miami, Florida 33131
Telephone: (305) 376-6000
Facsimile: (305) 376-6010

By:   */s/ Raymond V. Miller*
RAYMOND V. MILLER
Florida Bar No.  328901
rmiller@gunster.com
EDUARDO A. SUAREZ-SOLAR
Florida Bar No. 958875
esuarez@gunster.com
HOLLY L. GRIFFIN
Florida Bar No. 93213
hgriffin@gunster.com
***Counsel for Defendants***

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 24, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

By: _  /s/ Raymond V. Miller_____
       RAYMOND V. MILLER

## SERVICE LIST

David Kelly, Esq.
Rivkah F. Jaff, Esq.
J.H. Zidell, P.A.
300 71st Street, #605
Miami Beach FL  33141
Telephone 305.865.6766
Fax 305.865.7167
Email david.kelly38@rocketmail.com
Email rivkah.jaff@gmail.com

WPB_ACTIVE 7697857.1