UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-23486-CIV-FAM

JULIO HERNANDEZ HERNANDEZ and all )
others similarly situated under 29 U.S.C. )
216(B), )
)
)
              Plaintiff, )
   vs. )
)
)
ACOSTA TRACTORS INC, )
FELIX F. ACOSTA, )
ALEX ROS, )
)
)
             Defendants.

_____

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE [DE 34] TO PLAINTIFF'S RENEWED MOTION FOR DEFAULT, JURY TRIAL AS TO DAMAGES, SANCTIONS AND FOR MISCELLANEOUS RELIEF**

COMES NOW the Plaintiff, through Counsel, and replies to [DE 34] as follows:

**MEMORANDUM OF LAW AND ARGUMENT**

Defendants have clearly abused the arbitration and litigation process. Defendants compelled Plaintiff over objection to arbitration, and then caused the arbitration to be dismissed by refusing to pay the costs. Defendants have not submitted any evidence they are unable to pay the arbitration costs. With respect to *Musnick,* the point is that the Eleventh Circuit stated that "[u]nder *Green Tree,* Musnick has an obligation to offer evidence of the amount of fees he is likely to incur, **as well as of his inability to pay those fees**." *Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1260 (11th Cir. Mar. 28, 2003).

1

The Defendants utilized the arbitration agreement, and this Court spent time analyzing the issue and compelled same; permitting Defendants to pursue their conduct without consequence, would otherwise allow employers to abandon arbitration when they are unhappy with an Arbitrator's rulings.  Should Defendants' conduct be condoned, such indicates that all a defendant-employer has to do in such a situation, is refuse to pay for the arbitration, and go back to the District Court which they originally opposed.  Defendants were unhappy with Arbitrator Hal Smith's rulings in the *Garcia* matter, as they sought to force Plaintiff Hernandez' claim to be consolidated.  Arbitrator Hal Smith rejected Defendants' multiple attempts at consolidation, and Plaintiff opposed same as he had not had a chance to conduct discovery, and the *Garcia* matter had been thoroughly litigated.

On the one hand, the *Garcia* Plaintiffs were ready for an arbitration final hearing, and they wanted their matter brought to a conclusion after years of litigation in the District Court and arbitration tribunal; on the other hand, Plaintiff Hernandez in the instant matter needed an opportunity to conduct discovery and establish a record regarding his claim.  In the above-captioned matter, Plaintiff Hernandez did not even depose Defendants until recently on January 31, 2017; and now Arbitrator Feldman has terminated the Arbitration.  As indicated by the docket in the instant matter [DE 33], this Court has denied Defendants' motion to reopen case, lift stay, and consolidate.  Therefore, the Court should grant Plaintiff's Motion at issue.  It would be a miscarriage of justice to allow the Defendants to abandon arbitration, and then also evade judgment in this Court.

As argued previously, the Court should not merely permit the Defendants to have these matters sent back to the District Court without consequence, after the Defendants vexatiously caused unnecessary arbitration proceedings, particularly with regard to the

2

*Garcia* matter given that it is a 2012 case.  *See* Plaintiff's Motion's discussion of *SWAB Fin. v. E\*Trade Sec.,* 58 Cal. Rptr. 3d 904, 917 (Ct. App. 2007); *Garcia v. Mason Contract Products, LLC*, 08-23103-CIV, 2010 WL 3259922, at *3 (S.D. Fla. 2010), and *Tillman v. Tillman*, 825 F.3d 1069, 1075 (9th Cir. 2016).  To avoid re-arguing the Motion in this Reply, Plaintiff also refers to the other case law set forth in the Motion.

Notwithstanding that Defendants have intentionally refused to arbitrate, they still are trying to benefit from the arbitration agreement to deny Plaintiff a Jury trial.  It seems clear Defendants' conduct is intentional, and they have more than waived their rights at this time to seek benefits from the arbitration agreement.[1]  The Arbitration Agreements filed in the related cases are as follows: *Garcia* [DE 31-1], *Cordova* [DE 7], and *Hernandez* [DE 9-1].  Both the *Cordova* and *Garcia* Arbitration Agreements state that "I and SOI further mutually waive any right to a jury trial."  Whereas, the Arbitration Agreement in *Hernandez* states that "[i]f a matter is heard in court and not arbitration for any reason, I and SOI mutually waive any right to a jury trial."  Unlike *Cordova* and *Garcia*, only the instant matter contains the "for any reason" language; however, regardless this Court should find that Defendants waived any right at this point to enforce any provision in the Arbitration Agreements.  These matters should each proceed to a Jury Trial, and a default on liability entered versus the Defendants at the least.

Defendants have not shown they were actually "unable" to pay for the arbitration after they caused this Court and Plaintiffs (in all three cases) to expend resources addressing this issue.  Such has been a delay tactic to thwart this litigation in (2) separate tribunals, and yet

---

[1] Defendants' transparent attempt to "cherry pick" provisions from the Arbitration Agreement, while manipulating the judicial process, should be rejected outright by this Court.

Defendants still attempt to benefit from rulings made in the arbitration, and to deprive Plaintiff of a Jury trial.  Defendants attack the case law cited by Plaintiff, such as *SWAB Fin. supra*, regarding sanctions.  However, there appears to be no basis to say this Court does not have authority to police its own dockets and find vexatious conduct.  In this matter, Plaintiff's relevant claim period alleged is 9/17/12-3/8/13.  Therefore, if Plaintiff would re-file this claim, the statute of limitation would be now passed.  For example, even a dismissal without prejudice has the effect of precluding a plaintiff from re-filing his claim due to the running of the statute of limitations; such dismissal would be "tantamount to a dismissal with prejudice, a drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice." *Burden v. Yates,* 644 F.2d 503, 505 (5th Cir.1981) (internal quotation marks omitted); *see also Boazman v. Econ. Lab., Inc.,* 537 F.2d 210, 213 (5th Cir.1976); *see also Perry v. Zinn Petroleum Companies, LLC,* 495 F. App'x 981, 984 (11th Cir. 2012); *Zocaras v. Castro,* 465 F.3d 479, 483 (11th Cir.2006)." *Id.* at 985.

   The Defendants argue it would be inappropriate for a liability default to be entered. Given the aforesaid, perhaps the Court should enter a default as to *both* damages and liability, and give Plaintiff (30) days to file a Motion for Final Judgment, with affidavits to request all damages, fees and costs sought.

   WHEREFORE, PLAINTIFF REPLIES AS STATED.

**Respectfully submitted,**

**K. DAVID KELLY, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FL 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: DAVID.KELLY38@ROCKETMAIL.COM**
**F.B.N. 0123870**

**BY:_____/s/ K. David Kelly_____**
**K. DAVID KELLY, ESQ.**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT SUBSEQUENT TO E-FILING ON 3/29/17 TO:**

**ALL CM/ECF RECIPIENTS**

**GUNSTER, YOAKLEY & STEWART, P.A.**
**600 BRICKELL AVENUE, STE. 3500**
**MIAMI, FL 33131**

**BY:__ /S/ K. DAVID KELLY _____**
**K. DAVID KELLY, ESQ.**