UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

**Case Number: 15-23486-CIV-MORENO**

JULIO HERNANDEZ HERNANDEZ,

        Plaintiff,

vs.

ACOSTA TRACTORS, INC. FELIX F.
ACOSTA and ALEX RIOS,

        Defendants.

_____/

## DEFAULT FINAL JUDGMENT

THIS CAUSE came before the Court upon Plaintiff's Renewed Motion for Default Judgment, Jury Trial as to Damages, Sanctions, and for Miscellaneous Relief **(D.E. 31)**, filed on **March 15, 2017**.

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises. It is

**ADJUDGED** that the Motion for Default Final Judgment is **GRANTED**. Judgment is hereby entered in favor of Plaintiff JULIO HERNANDEZ HERNANDEZ and against Defendants ACOSTA TRACTORS, INC. FELIX F. ACOSTA and ALEX RIOS.

This Court compelled arbitration in this case at the Defendant's request. The arbitrator terminated the arbitration proceedings when Defendant ceased paying costs. Defendant claims that the costs unexpectedly escalated because Plaintiff opposed consolidation with the other cases. *Garcia v. Acosta Tractors, Inc.*, Case No. 12-21111-CIV-SIMONTON, and *Cordova v. Acosta Tractors, Inc.*, Case No. 13-22377-GOODMAN. After the arbitrator terminated the

proceedings, the Defendant moved to reopen this case and this Court exercised its discretion and denied the motion to reopen. Plaintiff is now asking for a default judgment as to liability and a jury trial on damages. Defendant agrees the case should be reopened, but opposes default judgment and a jury trial because the arbitration agreement contained a waiver of right to trial by jury.

Defendant's failure to pay the arbitration fees constitutes a default under the Federal Arbitration Act, 9 U.S.C. § 3. *Pre-paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287 (10th Cir. 2015); *Sink v. Aden Enterprises, Inc.*, 352 F.3d 1197 (9th Cir. 2003). The Tenth Circuit in *Pre-paid Legal Servs.* emphasized that courts are not divested of the power to decide if a party is in default in an arbitration proceeding. *Pre-paid Legal Servs.*, 786 F.3d at 1295. In *Sink*, the arbitrator cancelled the arbitration due to the nonpayment of fees. The plaintiff in *Sink* requested and the arbitrator granted a default against the defendant in the arbitral forum. At the plaintiff's request, the district court then lifted the stay in the case that it had previously imposed during the arbitration. The *Sink* court affirmed the district court's order because the defendants had defaulted in the arbitral forum. In so holding, the Ninth Circuit relied on the arbitrator's finding of default, as well as the record that the defendant had not shown an inability to pay the fee or that it tried to reach a payment plan to cover the costs. *Sink*, 352 F.3d at 1201. Based on the arbitrator's cancellation of this proceeding, the defendant's admission that it refused to pay the costs because they had escalated, and the precedent stating courts retain the right to enter default, this Court enters default judgment against the Defendants. This remedy is appropriate as the Defendants did not provide evidence establishing their inability to pay the costs of arbitration or showing they attempted to establish a payment plan. It is further

**ADJUDGED** that Plaintiff shall file affidavits as to the amount of damages due from Defendants by no later than **May 17, 2017**.

DONE AND ORDERED in Chambers at Miami, Florida, this _____ of April, 2017.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record