UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-23486-CIV-FAM

JULIO HERNANDEZ HERNANDEZ, and all
others similarly situated under 29 U.S.C.
216(B),

      Plaintiff,

v.

ACOSTA TRACTORS, INC.,
FELIX F. ACOSTA,
ALEX ROS,

      Defendants.
_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
FOR FINAL DEFAULT JUDGMENT PURSUANT TO 29 U.S.C. 216(B)
AS TO DEFENDANTS FOR CLAIM, AND TO LATER FILE MOTION
FOR FEES AND COSTS INCLUDING FUTURE FEES REGARDING
COLLECTION OF DEFAULT, IN ACCORDANCE
<u>WITH THE LOCAL RULES</u>**

Defendants, Acosta Tractors, Inc., Felix F. Acosta, and Alex Ros (hereinafter the "Defendants"), hereby respond to Plaintiff's Motion for Final Default Judgment Pursuant to 29 U.S.C. 216(b) as to Defendants for Claim, and to Later File Motion for Fees and Costs Including Future Fees Regarding Collection of Default, in Accordance with the Local Rules (the "Motion") and state:

## I. Introduction

Plaintiff's Motion for Final Judgment seeks $7,293.00 in alleged unpaid wages and liquidated damages for the period of September 17, 2012 through March 8, 2013 and asks this Court to allow Plaintiff to seek attorneys' fees and costs under Rule 7.3 of the Local Rules of the United States District Court Southern District of Florida. Plaintiff's calculations run completely contrary to his own testimony regarding this very same issue, without any explanation for the discrepancy. Additionally, Defendants participated in discovery through the arbitration process in good faith and the evidence obtained through discovery discloses that Plaintiff's claims are barred in their entirety by the statute of limitations. Plaintiff should not be entitled to recover any damages or attorneys' fees in this case.

## II. Plaintiff has Previously Testified in Contradiction to his Affidavit and Such Testimony Demonstrates He is Not Entitled to Damages

On August 20, 2014, Plaintiff testified in a related case which alleged the very same factual and legal issues raised by Plaintiff here. Plaintiff's testimony is completely contrary to the affidavit he attaches to his Motion in support of his alleged damages (the "Affidavit"), including on items such as the number of weeks at issue, the time Plaintiff arrived at the yard, the amount of time allegedly spent loading and unloading, and whether Plaintiff was *required* to be at Defendant Acosta Tractors' place of business.

In his Affidavit, Plaintiff alleges that he is entitled to unpaid wages for a total of twenty-two (22) weeks between September 17, 2012 and March 8, 2013. Plaintiff only deducted two (2) weeks during which he admits he did not conduct any work for Defendant Acosta Tractors. However, during Plaintiff's 2014 testimony, Plaintiff testified that he did not go to the yard every day before work, but rather only "[s]ometimes I go to the yard and I get a truck there. It depends. If I am close to the project, I go in my car." *See* Plaintiff's August 20, 2014 Deposition attached as Exhibit "A," at 4:14-19. In fact, Plaintiff testified that he only went to the yard to catch a ride when it was convenient for him, to save gas. When asked whether he would sometimes go to Defendant Acosta Tractors' office before going to the job site, Plaintiff testified that "I did that many times. As I said before, it depended on if it was more convenient for me to go get a ride at the company. I would go there and I would wait for the truck to leave, and I would get on the truck. That way I saved gas." *Id*. at 7:19-8:1.

This very same testimony further discredits Plaintiff's statement that he was *required* to be at Defendant Acosta Tractors' place of business. *See* DE 37-3 at 4. Plaintiff has clearly testified that he would catch a ride to the job site from Defendant Acosta Tractors' place of business when it was more convenient for him, so that Plaintiff could save gas. Plaintiff also testified that he sometimes went to the job sites directly, on his own, completely belying his assertion that he was

3

required to first go to Defendant Acosta Tractors' offices. It is clear from Plaintiff's own testimony that he was not required to report to Defendant Acosta Tractors' offices prior to beginning work at the job site.

Further, Plaintiff's estimation of hours he spent loading and unloading differs widely from his August 2014 testimony. In his Affidavit, Plaintiff alleges he spent at least an average of eight (8) to nine (9) hours of overtime per week for which he was not compensated. *See* DE 37-3 at 4. Plaintiff alleges that these hours relate to time spent loading and unloading the trucks at the beginning and end of each day. *Id*. at 5. Plaintiff further alleges that he arrived to Defendant Acosta Tractors' offices at 6:00 am. *Id*.

Contrary to these assertions, when asked what time he would arrive in the morning to Defendant Acosta Tractors' office, Plaintiff testified "[t]he problem is that I would get to the office early **because for my own personal reasons. Sometimes I get there at 6:30**. **But not because they required that I be there at 6:30.** Because of traffic, I didn't want to be caught in traffic and I got there early." Exhibit A at 8:22-9:5. With respect to the amount of time Plaintiff spent allegedly loading and unloading, Plaintiff testified repeatedly that he was not required to load and unload, but that "if I want to, because I want to, because they are my co-workers, they are my friends, then I help them. Not because anybody orders me to

4

do so." *Id*. at 9:21-10:02.  Plaintiff further testified that there were individuals who were specifically assigned to load and unload the trucks.  *Id*. at 18:15-22.

Further, when voluntarily assisting his co-workers, without the direction or knowledge of Defendants, Plaintiff's testimony demonstrates that he spent a *de minimis* amount of time loading and unloading.  Plaintiff testified that sometimes he would assist in loading pumps, but it would only take two (2) or three (3) minutes.  In fact, he testified that the longest he can recall helping with loading duties at any one time was five (5) minutes.  *Id.* at 11:7-12:20.  Similarly, Plaintiff testified that in the afternoons, "[a]lmost always, the trucks come back empty.  The materials have been used up," but if he did assist, he would spend approximately three (3) minutes, but no more than five (5) minutes, assisting with the unloading.  *Id.* at 13:19-14:3; 18:23-19:3.

Despite Plaintiff's testimony that he would only sometimes arrive at the office before traveling to the job site, that he would only occasionally and voluntarily assist in loading and unloading duties, and that when he did engage in loading and unloading duties it only lasted between two (2) and five (5) minutes, Plaintiff now claims in his Affidavit that he was not paid for eight (8) to nine (9) *hours* per week.  Plaintiff's Affidavit offers no explanation for how Plaintiff reached his estimate and does not address or attempt to distinguish his own prior sworn testimony which contradicts all of Plaintiff's assumptions for his

5

calculations. Accordingly, Plaintiff's Motion for Final Default Judgment in the amount of $7,293.00 should be denied because Plaintiff has failed to establish he is entitled to damages.

### III. If the Case was Re-Opened, Defendants Would be Entitled to Summary Judgment

Plaintiff alleges that he was not paid overtime wages between September 17, 2012 and March 8, 2013. Plaintiff's initial complaint was filed in this case on September 17, 2015. All claims prior to September 17, 2013 are therefore barred by the statute of limitations unless Plaintiff can meet his burden of showing Defendants willfully violated the Fair Labor Standards Act ("FLSA"). Not only has Plaintiff failed to meet this burden, but he cannot do so. Defendants deny there was any violation of the FLSA, because any time spent by Plaintiff in loading and unloading was without their knowledge and was *de minimis*, and, even if there were a violation, the facts conclusively show that it would not have been willful, as at all times, Defendants' actions were reasonable.

A claim for overtime wages under the FLSA must be "commenced within two years after the cause of action accrued . . . except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). Generally, if an employer acts reasonably in determining its legal obligations under the FLSA, its actions cannot be deemed "willful" for purposes of the three year statute of limitations. Even if the employer

acts unreasonably, *but not recklessly*, in determining its legal obligation, its action should not be considered willful. *McLaughlin v. Richardson Shoe Co.*, 486 U.S. 128 (1988). Indeed, "[t]o establish a willful violation of the FLSA, the plaintiff must show that the defendant either knew or showed a reckless disregard for the matter of whether its conduct was prohibited by the statute." *Letcher v. Crawford Industrial Grp.,* 2007 WL 1521520, *1 (M.D. Fla. May 23, 2007) (quoting *Palmer v. Stewart Cnty. Sch. Dis.*, 178 Fed. App'x 999, 1005 (11th Cir. 2006)). When a plaintiff offers no evidence of willfulness, the two year statute of limitations must be applied. *Mayorga v. DeLeons Bromeliads, Inc.*, 2013 WL 2927692 *5 (S.D. Fla. July 29, 2013). Plaintiff has not and cannot demonstrate a willful violation of the FLSA.

Under the FLSA, "insubstantial or insignificant periods of time beyond the scheduled working hours, which cannot as a practical administrative matter be recorded for payroll purposes, may be disregarded." 29 C.F.R. § 785.47. "When the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded. Split-second absurdities are not justified by the actualities of working conditions or by the policy of the Fair Labor Standards Act." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 68, 692 (1946). "Most courts have found daily periods of approximately 10 minutes to be

7

*de minimis.*"  *Burks v. Equity Group-Eufaula Div., LLC*, 571 F. Supp. 2d 1235, 1247 (M.D. Ala. 2008).

Further, traveling to and from the actual place of performance of the principal activity or activities which the employee is employed to perform and activities which are preliminary to or postliminary to the principal activity of the employee are not compensable.  29 U.S.C. § 254(a).  Travel time from the employer's offices to the job site is not compensable when the employee voluntarily meets at the employer's offices to ride in a company vehicle, but could otherwise drive directly to the job site.  *See Knight v. Allstar Bldg. Mterials, Inc.*, 2009 WL 3837870 (M.D. Fla. Nov. 17, 2009).

The thrust of Plaintiff's claim is that he was not paid for loading and unloading duties he allegedly performed while voluntarily waiting at Defendant Acosta Tractors' offices to ride in a company vehicle to the job site.  As discussed above, Plaintiff testified that no one from Defendant Acosta Tractors ever asked him to assist with loading or unloading duties.  Indeed, Plaintiff testified that Defendant Acosta Tractors had designated a specific individual who was responsible for loading and unloading the work trucks before and after the work day.  Plaintiff cannot present any evidence to suggest that Defendants knew that Plaintiff was assisting with loading and unloading duties before and after the work day between September 17, 2012 and March 8, 2013.

8

Discovery taken during the arbitration discloses that Defendant Acosta Tractors posted the required wage and hour posters, in a location where Plaintiff and other employees could see the poster. *See* Excerpts from Deposition of Felix Acosta, attached as Exhibit "B" at 30:22-31:9. Plaintiff was paid overtime for all hours worked above 40 during the relevant period, demonstrating that Defendants had a pattern and practice of paying overtime in compliance with the law. *Id*. at 29:15-25.

Moreover, Plaintiff testified that he went to the yard at Defendant Acosta Tractors for his own benefit, when it was more convenient for him than driving to the job site in his personal vehicle. He did not go to the job site for the benefit of Defendants. Plaintiff further testified that he did not consistently meet at the yard; rather, he did it on occasion. According to Plaintiff's own testimony, when he would assist in loading or unloading duties it was of his own volition and it would take him approximately two (2) to three (3) minutes, but never more than five (5). Plaintiff's testimony demonstrates that he never spent more than ten (10) minutes a day loading and unloading.

The way Plaintiff describes the "loading and unloading" duties he performed indicates that, if this occurred, it was *de minimis*. There is no indication that Defendants were aware this work was occurring prior to March 8, 2013 when they specifically instructed Plaintiff not to assist with loading or unloading duties. *See*

Exhibit A at 9:6-16. Moreover, Plaintiff's description shows that it would be difficult to capture and compensate employees for the time spent in these endeavors. Plaintiff sometimes met at the office to catch a ride and if, while waiting, he saw a co-worker carrying something heavy he would run over and give a hand. This all occurred in the span of a couple of minutes. The non-payment of this time is not "reckless" sufficient to show "willfulness." It was reasonable for Defendants to rely on well-established statutes and regulations related to *de minimis* time and non-compensable travel time in excluding any time Plaintiff may have spent at Defendant Acosta Tractors' offices prior to or following his work day from his compensable time. *See Burks*, 571 F. Supp. 2d at 1247; *Knight*, 2009 WL 3837870.

There is no evidence to suggest that Defendants willfully violated the FLSA. Accordingly, the standard two year statute of limitations applies. Plaintiff filed his initial Complaint in this Court on September 17, 2015. Any claims prior to September 17, 2013 are time barred. As Plaintiff's claim is for September 17, 2012 through March 8, 2013, his entire claim is barred by the applicable statute of limitations. Further, even if Plaintiff's claims were not barred by the statute of limitations, the time claimed by Plaintiff is not compensable. Accordingly, Plaintiff is not entitled to any damages or attorneys' fees.

## IV. Conclusion

Plaintiff's Affidavit is contradicted by his own prior testimony regarding the very same issues. Plaintiff's prior testimony does not support the assumptions used to calculate Plaintiff's damages. Plaintiff did not meet at Defendant Acosta Tractors' offices every day; he did not arrive at 6:00 am; he was not required to meet at the offices; and he spent no longer than five (5) minutes at any point in time loading or unloading. Plaintiff's own sworn testimony demonstrates that the time Plaintiff claims in his Motion is not compensable. Any work performed by Plaintiff was without Defendants' knowledge and was *de minimis*; the time Plaintiff voluntarily spent at Defendant Acosta Tractors' offices when waiting for a ride to the job site on a company vehicle is not compensable; and any claims Plaintiff may have are barred by the statute of limitations. Accordingly, Plaintiff's Motion for Default Judgment should be denied in its entirety.

Respectfully submitted,

GUNSTER, YOAKLEY & STEWART, P.A.
600 Brickell Avenue, Suite 3500
Miami, Florida 33131
Telephone: (305) 376-6000
Facsimile: (305) 376-6010

By: /s/ Holly L. Griffin
RAYMOND V. MILLER
Florida Bar No. 328901
rmiller@gunster.com
EDUARDO A. SUAREZ-SOLAR
Florida Bar No. 958875

esuarez@gunster.com
HOLLY L. GRIFFIN
Florida Bar No. 93213
hgriffin@gunster.com
***Counsel for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent via email to all parties on the attached service list on this 30th day of May, 2017.

By:  /s/ *Holly L. Griffin*
HOLLY L. GRIFFIN

## SERVICE LIST

David Kelly, Esq.
Rivkah F. Jaff, Esq.
J.H. Zidell, P.A.
300 71st Street, #605
Miami Beach FL  33141
Telephone 305.865.6766
Fax 305.865.7167
Email david.kelly38@rocketmail.com
Email rivkah.jaff@gmail.com

WPB_ACTIVE 7775384.1