UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-23486-CIV-FAM

JULIO HERNANDEZ HERNANDEZ and all others similarly situated under 29 U.S.C. 216(B),

        Plaintiff,

vs.

ACOSTA TRACTORS INC,
FELIX F. ACOSTA,
ALEX ROS,

        Defendants.

_____

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF DEFAULT FINAL JUDGMENT**

COMES NOW the Plaintiff, through Counsel, and responds to [DE 38] as follows:

**MEMORANDUM OF LAW AND ARGUMENT**

A motion *for reconsideration* may be granted upon the showing of one of three grounds: namely, "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lewis v. Michaels Stores, Inc.*, 2007 U.S. Dist. LEXIS 82700 (M.D. Fla. Nov. 7, 2007). (Citations omitted). It appears Defendants are trying to allege ground (3). As to "clear error", Defendants' Motion does not set forth good cause for this Court to reconsider the decision. As set forth in this Court's Default Final Judgment [DE 36] at 2 in the instant case: "Defendant's failure to pay the arbitration fees constitutes a default under the Federal Arbitration Act, 9 U.S.C. [Section] 3. *Pre-paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287 (10th Cir. 2015); *Sink v.

1

*Aden Enterprises, Inc*., 352 F.3d 1 197 (9th Cir. 2003).  The Tenth Circuit in *Prepaid Legal Servs.* emphasized that courts are not divested of the power to decide if a party is in default in an arbitration proceeding. *Pre-paid L egal Servs.*, 786 F.3d at 1295."

In [DE 36], this Court went on to find that Defendants admitted a refusal to pay "because costs escalated", never provided any evidence of inability to pay or otherwise attempted to "establish a payment plan."  *See*, Default Final Judgment [DE 36] at 2.  The Court's Default Final Judgment does not contain any clear errors justifying vacation of [DE 36].  To the extent Defendants argue "manifest injustice", there is no basis to reverse the liability default, and the issue of damages does not concern liability.  Defendants have an opportunity to contest the damages, in their response to the motion for final default judgment that Plaintiff filed on 5/15/15.

Defendants erroneously raise an argument as to the merits, when this issue concerns liability which has already been determined via default.  For example, in footnote 2 of their Motion, they reference Plaintiff's deposition back from 8/20/14, regarding Plaintiff's testimony concerning other litigation in a separate case (the *Garcia* matter).  As indicated by the docket in the case at bar, the instant case was not even filed until 9/17/2015.  Defendant have filed the entire deposition transcript, and at the time of the deposition taken in the *Garcia* matter, Plaintiff was a non-party, and technically an adverse witness because he was still employed by the Defendants, and had been employed by Defendants since 5/26/09.  *See,* Hernandez Deposition, P3-4.  Also, Plaintiff was being questioned for purposes of those other litigants in a different case, focusing on the relevant time periods of the litigants from a separate case.  For example, in the deposition (taken back in 2014), Plaintiff was questioned whether he knew if the plaintiff, in the *Garcia* matter, was working

2

back in 2009, and if he left Defendants in 2012 (Plaintiff responded he could not be sure "exactly").  *See,* Hernandez Deposition, P6.

In the case at bar, Plaintiff Hernandez filed a damages affidavit (dated 5/11/17), that was attached to a default motion dated 5/15/17.  That 5/15/17 motion for default was timely, under the Court's Order [DE 36].  Plaintiff's affidavit addresses a very limited relevant time frame in the case at bar 9/17/12-3/8/13, which is a mere (22) week statutory damages period (24 less 2 weeks he admittedly missed).  As indicated by his affidavit, Plaintiff has reduced his claim to $7,293 (which includes liquidated doubling), providing what he believes to be a conservative estimate for the relevant period.  Nevertheless, Defendants refer to Plaintiff's deposition taken back in 2014 in a separate case, which concerned the claims of other employees.

Plaintiff was not, during the deposition in the *Garcia* matter, specifically questioned in detail about the period of 9/17/12-3/8/13 as to his employment, because he was not a plaintiff during the deposition and did not file his own suit until over (1) year later.  Moreover, on cross examination at the deposition, Defendants did not ask the Plaintiff pointed questions about his detailed schedule, time records, sign-in sheets etc. regarding the relevant period of 9/17/12-3/8/13 concerning the case at bar.

Defendants attempt to overstate the impact of Plaintiff's testimony (even if the merits were appropriate to litigate at this time).  For example, in FN2 of their Motion they reference "[f]ive minutes" in relation to the loading duties.  However, in his affidavit, Para. 5, Plaintiff states it was the "foreman" that put the start/end times on the sign-in sheets (punch cards were not used).  In his affidavit Plaintiff states he was not paid (see also P10, L5; P14, L15-17 of Plaintiff's deposition) for his unloading and loading time, and

3

importantly, in Para. 5 (emphasis added) he alleges that, concerning the foreman who put the starting and ending time: "**sometimes he would even write a start time on the sheet that occurred after we actually left Defendants' place of business to go to the jobsite**." Based on his allegations stated in the affidavit, Plaintiff estimates he was not paid (8-9) hours of overtime hours per week.  The significant impact of an employer's failure to maintain adequate records as required with respect to calculation of FLSA damages can be seen in *Reeves v. International Telephone and Telegraph Corporation*, 616 F.2d 1342, 1351 (5th Cir. 1980), *citing, among other cases, Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 687 (1946).  Even if the estimations by plaintiff has been at some point inaccurate, "[i]naccurate wage and hour information, however, is not always fatal to a claim for minimum wage or overtime compensation under the Act.  Where the inaccuracy is due to the employer's failure to keep adequate records as required by statute, imprecise evidence on quantum can provide a "sufficient basis" for damages.  *See Reeves, supra*.  Plaintiff also stated at this deposition "[o]f course" when asked if he was "permitted" to help with the loading.  Plaintiff Hernandez Deposition, P11, L1-5; P14, L21-23.  The term "employ" is expressly defined as "to suffer **or permit** to work" under 29 U.S.C. § 203(g)(emphasis added).  *See also Anglin v. Maxim Healthcare Services, Inc*., 6:08-CV-689-ORL-22DA, 2009 WL 2473685, at *2 (M.D. Fla. Aug. 11, 2009).

  In this case, the Court's Default Final Judgment does not contain any clear errors justifying vacation of [DE 36].  To the extent Defendants argue "manifest injustice", there is no basis to reverse the liability default, and the issue of damages does not concern liability.  Defendants have an opportunity to contest the damages, in their response to the motion for final default judgment that Plaintiff filed on 5/15/15.  The Court's Default Final

Judgment sets forth a proper legal basis for entering a default on liability, and now Defendants attempt to attack the merits of the claim.  Defendants had an opportunity to litigate on the merits when they compelled the opposed arbitration, which they abandoned without good cause shown.  The Eleventh Circuit's Pattern Jury Instructions includes Instruction "3.4 Credibility of Witnesses", which, *inter alia*, states that the jury "should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point <u>doesn't</u> necessarily matter (emphasis added)."  Analogously, in a case involving credibility concerning alleged wages owed, the Eleventh Circuit held in *Medrano* that "in determining that the employment records were adequate, the district court improperly weighed evidence, made credibility determinations, and resolved factual disputes that should have been left to the jury." *Medrano v. The Inv. Emporium LLC*, 167 Lab. Cas. P 36493 (11th Cir. 2016).  In the case at bar, Defendants had the opportunity to argue on the merits, and bring such credibility issues before the Jury, and then decided to compel arbitration over Plaintiff's objection, which they succeeded in doing.  Thereafter, Defendants, without good cause shown, abandoned their opportunity to have the Arbitrator hear this matter, rule on the merits, and consider issues concerning credibility.   Plaintiff also believe the discovery process has been stalled and inhibited in this matter, due to the unnecessary delays caused by Defendants' manipulation of the arbitration process.

   Defendants have clearly abused the arbitration and litigation process.  Defendants compelled Plaintiff over objection to arbitration, and then caused the arbitration to be dismissed by refusing to pay the costs.  Defendants have not submitted any evidence they

are unable to pay the arbitration costs.  The Eleventh Circuit stated that "[u]nder *Green Tree,* Musnick has an obligation to offer evidence of the amount of fees he is likely to incur, **as well as of his inability to pay those fees**."  *Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1260 (11th Cir. Mar. 28, 2003).  Plaintiff incorporates herein all arguments and case law set forth in Plaintiff's renewed motion for default [DE 31] (and the reply) that was granted by this Court in [DE 36].

WHEREFORE, PLAINTIFF REQUESTS THAT THE COURT DENY DEFENDANTS' MOTION.

**Respectfully submitted,**

**K. DAVID KELLY, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FL 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: DAVID.KELLY38@ROCKETMAIL.COM**
**F.B.N. 0123870**

BY:_____/s/ K. David Kelly_____
K. DAVID KELLY, ESQ.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT SUBSEQUENT TO E-FILING ON 5/30/17 TO:**

**ALL CM/ECF RECIPIENTS**

**GUNSTER, YOAKLEY & STEWART, P.A.**
**600 BRICKELL AVENUE, STE. 3500**
**MIAMI, FL 33131**

BY:__ /S/ K. DAVID KELLY _____
K. DAVID KELLY, ESQ.