UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-23486-CIV-FAM

JULIO HERNANDEZ HERNANDEZ, and all
others similarly situated under 29 U.S.C.
216(B),

        Plaintiff,

vs.

ACOSTA TRACTORS, INC.
FELIX F. ACOSTA,
ALEX ROS,

        Defendants.
_____/

## **DEFENDANTS' MOTION FOR FINAL SUMMARY JUDGMENT**

Defendants, Acosta Tractors, Inc., Felix F. Acosta and Alex Ros, pursuant to Rule 56(b), Federal Rules of Civil Procedure, and Local Rule 56.1, hereby move this Honorable Court for entry of Final Summary Judgment in their favor with respect to the claim asserted against them by Plaintiff, Julio Hernandez Hernandez. In support, Defendants state:

### **Introduction**

Acosta Tractors let its employees meet at the company yard to catch a free ride on a company truck to frequently remote work sites, at the employee's choice and for the employee's own convenience. In a classic story of no good deed going unpunished, Plaintiff now seeks to take advantage of that generosity by claiming the time spent voluntarily riding for free in Acosta's trucks to the actual place of performance of his work should be compensated at overtime rates. He also claims he was not paid for loading and unloading trucks at Acosta Tractors' yard while waiting for a ride and after returning from the job site. All of this he says occurred between September, 2012 and March 8, 2103.

Plaintiff's own testimony establishes Defendants' entitlement to final summary judgment. Under the Portal-to-Portal Act, preliminary and postliminary activities are not compensable, nor is time spent traveling to and from the actual place of performance of the work which the employee is to perform. Moreover, even if Plaintiff could establish that the time he claims to have worked traveling, loading and unloading was compensable, the entirety of his claim is outside of the statute of limitations.

Acosta Tractors is in the business of performing infrastructure construction services. Acosta Tractors employed Plaintiff as a pipelayer and grademan. (Facts ¶ 2)[1]. His job responsibilities included leveling the ground, helping heavy equipment operators, and laying pipes at Acosta Tractors' job sites throughout Miami-Dade and Broward Counties. (Facts ¶ 3). Each work day, Plaintiff had the option of getting himself to the job site, or he could meet at the company yard in Hialeah Gardens and catch a free ride to the job site on a company truck. (Facts ¶¶ 4, 5, and 7). Plaintiff would drive himself to the job site if he was "close to the project." (Facts ¶ 8 (quoting Deposition of J. Hernandez at 4:17-19, 7:19-8:1)). Plaintiff testified that other times, he would meet at the company yard "if it was more convenient for me to go get a ride at the company" and because that way, he "saved gas." (Facts ¶ 9 (quoting Deposition of J. Hernandez at 7:22-8:1, 8:22-9:5, 10:14-19)). At all times, meeting at the company yard was *voluntary*. (Facts ¶ 6).

At the company yard, there were employees whose job duties included loading the work trucks before sending them to the work sites and unloading the work trucks, if necessary, when they returned. (Facts ¶¶ 10-11). Plaintiff testified that no one told him to assist these employees with their duties loading or unloading. (Facts ¶ 15 (quoting Deposition of J. Hernandez at 9:6-16)). Plaintiff did, on occasion, help with loading or unloading. (Facts ¶ 13). He always did so

---

[1] Defendants have filed a Statement of Undisputed Material Facts concurrently with this Motion. The undisputed facts upon which this Motion is based are cited as (Facts ¶ ___).

2

voluntarily because "as a human being[], my duty is to help." (Facts ¶ 14 (quoting Deposition of J. Hernandez at 9:6-16, 10:3-11, 10:23-11:6, 12:2-9)). When Plaintiff helped load or unload, it usually took only two to three minutes, and never more than five minutes. (Facts ¶ 16).When Defendants learned that some employees who were waiting for a ride out to the job site claimed they had been helping load and unload, a supervisor *specifically told* the employees at the yard not to help load and unload. (Facts ¶ 15).

Plaintiff's own testimony establishes the absence of any questions of material fact, and his claims fail as a matter of law. For the reasons discussed herein, Defendants request this Court enter final summary judgment in their favor and against the Plaintiff, Julio Hernandez Hernandez.

## Argument

### A.     Plaintiff Cannot Establish he is Entitled to Overtime

Plaintiff's travel time from the company yard to the ultimate work site is not compensable under the Portal-to-Portal Act. The "loading and unloading" work that Plaintiff claims occurred was not compensable and was insignificant and insubstantial, or *de minimis*. Accordingly, Plaintiff cannot establish that he worked compensable overtime hours without compensation. Even if he could, he cannot establish that Defendants knew or should have known of his overtime work. Since Plaintiff cannot meet his burden in proving a claim under the Fair Labor Standards Act, Defendants are entitled to final summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding that Rule 56 mandates entry of summary judgment against a party who fails to make a showing sufficient to establish an element essential to the case).

To recover under the Fair Labor Standards Act, Plaintiff must show that: (1) he worked overtime hours without compensation, and (2) that Defendants knew or should have known of his overtime work. *Del Rosario v. Labor Ready Southeast, Inc. et al.*, 124 F. Supp. 3d 1300,

3

1305-06 (S.D. Fla. 2015) (quoting *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1314 (11th Cir. 2007)). To show that he worked overtime hours without compensation, Plaintiff must establish that the time he spent riding as a passenger to the final work site and "loading" and "unloading" company trucks were not merely preliminary and postliminary activities to his principal activity. *See e.g. Knight v. Allstar Bldg. Materials, Inc.*, 2009 WL 3837870 (M.D. Fla. Nov. 17, 2009).

Whether an activity is compensable under the Fair Labor Standards Act is a question of law for the Court to decide. *Llorca v. Sheriff, Collier Cnty.*, 893 F.3d 1319, 1324 (11th Cir. 2018). "The Supreme Court has long interpreted the term 'principal activity or activities' in § 254 to include all activities that are an 'integral and indispensable part of the principal activities.'" *Id.* at 1323 (quoting *Steiner v. Mitchell*, 350 U.S. 247, 256 (1956)). "An activity is therefore integral and indispensable to the principal activities that an employee is employed to perform if it is an intrinsic element of those activities and one with which the employee cannot dispense if he is to perform his principal activities." *Llorca*, 893 F.3d at 1324 (quoting *Integrity Staffing Sols., Inc. v. Busk*, -- U.S. --, 135 S.Ct. 513, 516 (2014)). The factors to consider in when determining whether a preliminary or postliminary activity is so integral and indispensable to be compensable are: (1) whether the activity is required by the employer, (2) whether the activity is necessary for the employee to perform his or her duties, and (3) whether the activity primarily benefits the employer. *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340 (11th Cir. 2007).

    i. **The time Plaintiff spent traveling from the company yard to the ultimate work site is not compensable**

Per the plain language of 29 U.S.C § 254(a), time spent traveling to the actual place of performance of an employee's duties is not compensable, even if the employee is riding in a company vehicle. 29 U.S.C. § 254(a) (2018). Section 4(a) of the Portal-to-Portal Act exempts

4

certain activities from compensation under the Fair Labor Standards Act. Specifically, the Portal-to-Portal Act exempts:

> (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
>
> (2) activities which are preliminary to or postliminary to said principal activity or activities,
>
> which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities. For purposes of this subsection, the use of an employer's vehicle for travel by an employee and activities performed by an employee which are incidental to the use of such vehicle for commuting shall not be considered part of the employee's principal activities if the use of such vehicle for travel is within the normal commuting area for the employer's business or establishment and the use of the employer's vehicle subject to an agreement on the part of the employer and the employee or representative of such employee.

29 U.S.C. § 254(a). The Department of Labor has provided examples of "walking, riding or traveling" which may be excluded from compensable time, including

> (1) walking or riding by an employee between the plant gate and the employee's lathe, workbench or other actual place of performance of his principal activity or activities; (2) riding on buses between a town and an outlying mine or factory where the employee is employed; and (3) riding on buses or trains from a logging camp to a particular site at which the logging operations are actually being conducted.

29 C.F.R. § 790.7(f) (2018).

The Eleventh Circuit has analyzed these provisions in an analogous case. In *Bonilla v. Baker Concrete Construction, Inc.*, the Eleventh Circuit considered whether time spent by employees riding from the employee parking lot, to the security check point, and then through to the job site was compensable. 487 F.3d 1340 (11th Cir. 2007). The court held that the time spent riding on the company buses, both from the employee parking lot to the security check point (which was voluntary) and from the security check point to the job site (which was mandatory) was non-compensable under section 254(a). *Id*. at 1343 ("The fact that the workers were required

5

to ride authorized transportation after the security gate but the transportation to the security gate was optional is not relevant to the outcome of this case because even mandatory travel time is exempted from compensation under the Portal-to-Portal Act.").

The Eleventh Circuit reaffirmed this position this year, in *Llorca v. Sheriff, Collier County, Florida*. 893 F.3d 1319. The court considered whether deputy sheriffs were entitled to compensation for the time spent driving marked patrol vehicles from their homes to their work site. *Id*. The deputies were required to monitor their radios and the roads for traffic violations when driving. *Id*. at 1327. In reliance on section 254(a), the court determined that these activities were incidental to the deputies' use of the employer's vehicle and did not transform the non-compensable travel time to a compensable activity. *Id*. 1327-28 ("Under this regulation, the deputies are not entitled to compensation for their commute time simply because the sheriffs required them to monitor their radios during the commute.").

Plaintiff had the option of driving himself to the work site. (Facts ¶ 7). He was not required to ride in a company vehicle or to first travel to the company yard. (Facts ¶¶ 4-7). It is undisputed that he is not entitled to compensation for the days he drove himself directly to the work site. The fact that Plaintiff voluntarily went to the company yard to catch a free ride on a company truck does not transform the travel time to the ultimate place of work to compensable time. It is no different than the time spent riding in the company buses in *Bonilla*, or the deputies driving to work in their marked patrol cars in *Llorca*. Thus, Plaintiff is not entitled to recovery for the time spent riding in a company truck to the work site.

      ii.  **Any alleged "loading" or "unloading" was a non-compensable preliminary or postliminary activity**

Since Defendants did not require Plaintiff to report to the company yard or to load and unload, and since loading and unloading is not necessary for Plaintiff's job duties, loading and unloading is not integral and indispensable to Plaintiff's work. Accordingly, any time Plaintiff

6

alleges to have spent loading and unloading the truck is non-compensable preliminary and postliminary work.

In a nearly identical case, the Middle District of Florida held that time spent voluntarily moving tools in a company vehicle and riding to the ultimate job site was not compensable under the Fair Labor Standards Act. *Knight v. Allstar Building Materials, Inc.*, 2009 WL 3837870 (M.D. Fla. Nov. 17, 2009). In *Knight*, laborers were allowed to catch a ride to the work site on a company vehicle to save gas and prevent wear and tear on their personal vehicles. *Id*. at *6. Knight alleged that he was required to move tools into the back of the truck and tie them down before getting in the cab of the truck. *Id*. at 7. The court determined that neither handling the tools nor riding in the company vehicle were an integral and indispensable part of Knight's principal employment; thus, the time was not compensable. *Id*. at 7-8, 12 ("Plaintiff's claimed intermittent assistance in loading ABM trucks and his riding as a passenger in the trucks to jobsites are non-compensable preliminary and postliminary activities.").

Similar to *Knight*, Plaintiff was not required to report to the company yard. There was an employee designated to load the trucks in the morning and, if necessary, unload the trucks in the afternoon. (Facts ¶¶ 10-11). Plaintiff could have reported directly to the job site at 7:30 am to begin his work. (Facts ¶¶ 4, 7). However, Plaintiff chose, on occasion, the report to the company yard to catch a ride in a company truck. (Facts ¶ 8). According to Plaintiff's own testimony, whether he drove himself to the job site or rode on a company truck "depended if it was more convenient for me to go get a ride at the company" because "[t]hat way I saved gas." (Facts ¶ 9 (quoting Deposition of J. Hernandez at 7:22-8:1, 8:22-9:5, 10:14-19)). Further, Plaintiff admitted that there was no need for him to return to the company yard after work at the end of the day. (Facts ¶ 18). Plaintiff demonstrated by his own conduct that loading and unloading the work trucks was not an integral and indispensable part his job, as was the case in *Knight*.

7

> iii. The time Plaintiff spent loading and unloading trucks was insignificant and insubstantial

By Plaintiff's account, it would take him only two to three minutes and never more than five minutes to help a co-worker load a truck. (Facts ¶ 16). Further, according to Plaintiff, the trucks "[a]lmost always" came back empty and did not need to be unloaded at the end of the day. (Facts ¶ 12 (quoting Deposition of J. Hernandez at 13:23-14:3)). Even assuming Plaintiff spent up to five minutes loading and up to five minutes unloading in a single day, he still spent no more than ten minutes loading and unloading on the days he chose to voluntarily help. Such a small period of time is *de minimis* and not compensable as a matter of law. *See Daniels v. Sanchelima & Associates, P.A. et al.*, 2016 WL 4903065, *4 (S.D. Fla. Jan. 20, 2016) (citing *Lindow v. United States*, 738 F.2d 1057, 1062 (9th Cir. 1984)); *see also Burks v. Equity Group-Eufaula Div., LLC*, 571 F. Supp. 2d 1235, 1247 (M.D. Ala. 2008).

Otherwise compensable work that is for insubstantial or insignificant periods of time beyond the scheduled working hours is not compensable under the Fair Labor Standards Act. *See* 29 C.F.R. § 785.47 (2018). "When the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded. Split-second absurdities are not justified by the actualities of working conditions or by the policy of the Fair Labor Standards Act." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946), *superseded by statute on other grounds as stated in Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293 (D.C. Cir. 1972). Assessing whether otherwise compensable time is *de minimis* and thus not compensable, Courts consider: "(1) the practical administrative difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3) the regularity of the additional work." *Lindow*, 738 F.2d at 1063; *see also Burton v. Hillsborough Cnty., Fla.*, 181 Fed. App'x 829, 838 (11th Cir. 2006). "The proper focus, however, is on the uncompensated time for an employee *per day*, not the length of time for which the pay is sought." *Daniels*, 2016

WL 4903065, *4 (citing *Chao v. Tyson Foods, Inc.*, 568 F. Supp. 2d 1300, 1319 (N.D. Ala. 2008); *Lindow*, 738 F.2d at 1063). Courts have found as a matter of law, "a general threshold for *de minimis* as ten minutes or less." *Daniels*, 2016 WL 4903065, *4 (citing *Lindow*, 738 F.2d at 1062); *see also Burks*, 571 F. Supp. 2d at 1247.

Plaintiff's appearances at the company yard were not regular or consistent. According to Plaintiff, he "sometimes" went to the company yard to catch a truck, and other times drove himself directly to and from the work site. (Facts ¶ 8 (quoting Deposition of J. Hernandez at 4:17-19, 7:19-8:1)). Whether Plaintiff went to the company yard first "depended if it was more convenient for me to go get a ride at the company" because "[t]hat way I saved gas." (Facts ¶ 9 (quoting Deposition of J. Hernandez at 7:22-8:1, 8:22-9:5, 10:14-19)). Further, Plaintiff did not always assist with loading and unloading duties. (Facts ¶¶ 12-15). He would choose to help his co-workers for a few minutes if he saw someone in need of assistance because "as a human being[], my duty is to help." (Facts ¶ 14 (quoting Deposition of J. Hernandez at 9:6-16, 10:3-11, 10:23-11:6, 12:2-9)). It would have been impractical for Acosta Tractors to record the irregular, unpredictable two to three minutes that Plaintiff claims to have worked. Plaintiff's own testimony establishes that any time he worked was insignificant and insubstantial and was, therefore, not compensable as a matter of law.

### iv. Plaintiff cannot establish that Defendants had actual or constructive knowledge of his alleged overtime

Plaintiff has not, and cannot, establish that Defendants had either actual or constructive knowledge of his alleged overtime. It is undisputed that no one asked Plaintiff to assist in loading or unloading tasks. (Facts ¶ 15). By Plaintiff's own admission, Defendants told Plaintiff and others not to assist in loading in unloading tasks after learning that some employees may have been helping. (Facts ¶ 15). Additionally, Plaintiff signed off on his weekly time sheets, without indicating he had not been compensated for all hours. (Facts ¶ 25). The undisputed record shows

that when Plaintiff worked more than forty hours in a single work week, he was compensated for his overtime, from as little as three minutes to as much as nine hours. (Facts ¶ 24). Acosta Tractors maintained paper time sheets for each of its employees. (Facts ¶ 20). The time sheets were signed by each employee at the end of the week to certify the accuracy of the time reported. (Facts ¶ 25).

There is nothing in the record to support that Defendants knew, or even should have known, that on occasion Plaintiff would spend two to three minutes assisting a co-worker in carrying a heavy object without pay. *See Del Rosario*, 124 F. Supp. 3d at 1305-06. An employer is not liable under the FLSA "where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer of the overtime work." *Rodriguez v. Pasat Roofing, Inc.*, 2014 WL 11706449, *4 (S.D. Fla. June 18, 2014) (quoting *Fletcher v. Universal Technical Institute*, 2006 WL 2297041 (M.D. Fla. June 15, 2006)).

When an employee performs uncompensated work, but deliberately prevents the employer from learning of it, the employer is not liable. *Rodriguez*, 2014 WL 11706449, *4 (citing *Allen*, 495 F.3d at 1319). Similarly, when an employee submits or approves his own time, and does not notify his employer of the uncompensated work, his FLSA claim must fail. *See e.g. Gaylord v. Miami-Dade Cnty.*, 78 F. Supp. 2d 1320, 1325 (S.D. Fla. 1999) ("an employer does not have knowledge of uncompensated overtime when an employee submits time sheets showing such overtime did not occur"); *Lewis v. Keiser School, Inc.*, 2012 WL 4854724, *3 (S.D. Fla. Oct. 12, 2012) ("Moreover, Lewis clocked herself in and out and accounted for her own time. Under such circumstances, the Court is unwilling to attribute to Keiser actual or constructive knowledge of work being performed off the clock, when Lewis's own records indicate otherwise."); *King v. CVS/Caremark Corp.*, 2008 WL 11409387, *4 (S.D. Fla. Sept. 11, 2008) ("Because it is undisputed that from approximately July 2004 to August 2006 Prophet recorded

his own time and admittedly failed to report the alleged overtime on his time sheets or otherwise, Prophet's claims for the period that he was a pharmacy technician trainer must fail."). Plaintiff cannot establish that Defendants had actual or constructive knowledge of his alleged overtime and his claim must fail.

### B. Plaintiff's Claim is Barred by the Statute of Limitations

A claim for overtime wages under the Fair Labor Standards Act must be "commenced within two years after the cause of action accrued . . . except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). Generally, if an employer acts reasonably in determining its legal obligations under the FLSA, its actions cannot be deemed "willful" for purposes of the three year statute of limitations. Even if the employer acts unreasonably, *but not recklessly*, in determining its legal obligation, its action should not be considered willful. *McLaughlin v. Richardson Shoe Co.*, 486 U.S. 128 (1988). Indeed, "[t]o establish a willful violation of the FLSA, [the plaintiff] must show that [the defendant] either knew or showed a reckless disregard for the matter of whether its conduct was prohibited by the statute." *Letcher v. Crawford Industrial Grp.,* 2007 WL 1521520, *1 (M.D. Fla. May 23, 2007) (quoting *Palmer v. Stewart Cnty. Sch. Dis.*, 178 Fed. App'x 999, 1005 (11th Cir. 2006)). When a plaintiff offers no evidence of willfulness, the two year statute of limitations must be applied. *Mayorga v. DeLeons Bromeliads, Inc.*, 2013 WL 3927692 *5 (S.D. Fla. July 29, 2013). Plaintiff has not, and cannot, demonstrate a willful violation of the FLSA.

There is no evidence that anyone at Acosta Tractors, or any of the Defendants, knew that Plaintiff would engage in this alleged loading and unloading while at the company yard during the relevant period. (Facts ¶ 17). In fact, when Defendants learned that employees waiting at the yard may have been assisting in loading and unloading activities, Defendants specifically told Plaintiff and his co-workers not to help. (Facts ¶ 15). Moreover, Acosta Tractors posted the

11

required wage and hour posters, in a location where Plaintiff and other employees could see the poster. (Facts ¶ 19). Plaintiff was paid overtime for all hours worked above forty during the relevant period, demonstrating that Defendants had a pattern and practice of paying overtime in compliance with the law. (Facts ¶¶ 22-24). And Plaintiff himself signed off on his time sheets, without including the time he now claims was compensable. (Facts ¶ 25).

The way Plaintiff describes the loading and unloading duties he performed indicates that, if this occurred, it was insignificant and insubstantial. Plaintiff sometimes met at the office to catch a ride and if, while waiting, he saw a co-worker carrying something heavy he would run over and give a hand. This all occurred in the span of a couple of minutes. The non-payment of this time is not "reckless" sufficient to show "willfulness."

There is no evidence to suggest that Defendants willfully violated the FLSA. Accordingly, the standard two year statute of limitations applies. Plaintiff filed his initial Complaint in federal court on September 17, 2015. (Facts ¶ 26). As Plaintiff's statement of claim is for September 17, 2012 through March 8, 2013, his entire claim is barred by the applicable statute of limitations.

## **Conclusion**

Plaintiff cannot establish that he worked compensable time for which he was not paid. Plaintiff's testimony demonstrates that any time Plaintiff spent loading and unloading trucks at the company yard was non-compensable preliminary and postliminary work, and was insignificant and insubstantial. The time Plaintiff occasionally spent voluntarily riding in a company truck to and from the work site, under the plain language of the Fair Labor Standards Act is non-compensable. Plaintiff's claim for violation of the Fair Labor Standards Act fails.

Even if Plaintiff could establish that he was not paid for compensable time worked, the entirety of his claim is outside of the statute of limitations. Defendants acted reasonably and in

good faith at all times relevant to Plaintiff's complaint. Plaintiff has not, and cannot, demonstrate that Defendants "willfully" violated the FLSA. Accordingly, the two-year statute of limitations is applicable to this action and Plaintiff's claim is time barred. Based on the foregoing, Defendants are entitled to final summary judgment in their favor.

WHEREFORE, Defendants, Acosta Tractors, Inc., Felix F. Acosta, and Alex Ros, respectfully request the entry of an Order granting full summary judgment in their favor and the entry of final judgment in their favor and against the Plaintiff, Julio Hernandez Hernandez.

Respectfully submitted:

/s/ Holly L. Griffin
Raymond V. Miller
Florida Bar No. 328901
Email:  rmiller@gunster.com
Gunster, Yoakley & Stewart, P.A.
600 Brickell Avenue, Suite 3500
Miami, FL 33131
Telephone:  305-376-6000
Facsimile:  305-376-6010
Holly L. Griffin
Florida Bar No. 93213
Email  hgriffin@gunster.com
Gunster, Yoakley & Stewart, P.A.
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone:  561-655-1980
Facsimile:  561-655-5677
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 8, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

By: <u>   /s/ Holly L. Griffin</u>
HOLLY L. GRIFFIN

## **SERVICE LIST**

**Julio Hernandez Hernandez, et al. v. Acosta Tractors Inc., et al
Case No. 15-cv-23486- Moreno**

Rivkah F. Jaff, Esq.
Email: rivkah.jaff@gmail.com
Jamie H. Zidell, Esq.
Email: zabogado@aol.com
Natalie Staroschak, Esq.
Email: nstar.zidellpa@gmail.com
J.H. Zidell, P.A.
300 71st Street, #605
Miami Beach, FL 33141
Telephone:  305-865-6766
Facsimile:  305-865-7167
*Counsel for Plaintiffs*

WPB_ACTIVE 8967492.6