UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-23486-CIV-FAM

JULIO HERNANDEZ HERNANDEZ, and all
others similarly situated under 29 U.S.C.
216(B),

        Plaintiff,

vs.

ACOSTA TRACTORS, INC.
FELIX F. ACOSTA,
ALEX ROS,

        Defendants.
_____/

## **DEFENDANTS' STATEMENT OF MATERIAL FACTS**

Defendants, Acosta Tractors, Inc. ("Acosta Tractors"), Felix F. Acosta ("Acosta") and Alex Ros, pursuant to S.D. Fla. L.R. 56.1, file this Statement of Material Facts in Support of Their Motion for Summary Judgment as to Plaintiff's Complaint and state:

1. Plaintiff, Julio Hernandez Hernandez, worked for Acosta Tractors from approximately 2009 through 2015. *See* Exhibit A, Deposition of Julio Hernandez Hernandez dated August 20, 2014, at 4:7-9; Exhibit B, Deposition of Felix Acosta dated January 31, 2017, at 6:1-6.

2. Between September 17, 2012 and March 8, 2013, Plaintiff worked as a pipelayer and a grademan. *See* Exhibit B at 7:15-18.

3. Plaintiff's duties and responsibilities included leveling the ground, helping the heavy equipment operators, and laying pipes at Acosta Tractors' job sites throughout Miami-Dade and Broward Counties. *See* Exhibit B at 7:19-24, 24:18-23.

4. Plaintiff, along with other employees in his position, was required to be at his assigned job site at 7:30 in the morning to start work. *See* Exhibit B at 9:16-21, 10:4-7, 11:12-19.

5. Plaintiff, along with other employees in his position, had the option to meet at the company yard in Hialeah Gardens to catch a ride on a company truck to the job site prior to commencing work. *See* Exhibit B at 10:2-3, 11:4-11; Exhibit A at 4:14-19, 7:19-8:1.

6. At all times, this practice was *voluntary* and *solely for the benefit of the employees*. *See* Exhibit B at 11:4-19.

7. Plaintiff was not required to go to the company yard before going to the job site; he could report directly to the job site. *See* Exhibit B at 9:16-21, 10:4-7, 11:12-19.

8. Plaintiff testified that "[s]ometimes I go to the yard and I get a truck there. It depends. If I am close to the project, I go in my car." *See* Exhibit A at 4:17-19; 7:19-8:1.

9. Plaintiff testified that whether he drove himself directly to the job site or rode on a company truck "depended if it was more convenient for me to go get a ride at the company" because "[t]hat way I saved gas." *See* Exhibit A at 7:22-8:1, 8:22-9:5, 10:14-19.

10. First thing in the morning, an assigned employee of Acosta Tractors is responsible for ensuring the work trucks are loaded with the materials and tools needed for each job site. *See* Exhibit A at 9:21-10:2, 18:15-22; Exhibit B at 19:8-11, Exhibit C, Deposition of Alex Ros dated January 31, 2017 at 9:8-17.

11. The same individual is responsible for unloading the trucks in the afternoon. However, the majority of the time, the trucks remain loaded with the necessary tools and equipment needed for each job. *See* Exhibit B at 20:19-21:4.

12. Plaintiff testified that "[a]lmost always the trucks come back empty . . . [because] [t]he materials have been used up" and do not need to be unloaded. *See* Exhibit A at 13:23-14:3.

13. While waiting for the trucks to leave Acosta Tractors' offices for the job sites, Plaintiff would, on occasion, "give [a co-worker] a hand to load something," especially "[i]f something that was heavy needed to be loaded, I would help my co-worker." *See* Exhibit A at 8:8-14.

14. Plaintiff admits that he helped his co-workers voluntarily, because "as a human being[], my duty is to help" his co-workers when they are loading heavy items. *See* Exhibit A at 9:6-16, 10:3-11, 10:23-11:6, 12:2-9.

15. Plaintiff testified that he helped his co-workers "because I want to do it, not because anybody tells me to do it." To the contrary, Plaintiff testified that on March 8, 2013, someone at Acosta Tractors specifically told Plaintiff that there was a person who was assigned to complete this job and informed Plaintiff he was prohibited from loading the trucks at the yard. *See* Exhibit A at 9:6-16.

16. On the rare occasion that Plaintiff assisted a co-worker with carrying an item either in the morning or afternoon, he would spend approximately two to three minutes, and never more than five minutes with the co-worker. *See* Exhibit A at 11:17-12:9; 18:23-19:5.

17. Defendants were not aware that Plaintiff was engaging in loading and unloading work while at the company yard waiting to ride a company truck. *See* Exhibit C at 8:21-9:7.

18. There was no need for pipelayers or grademen to return to the company yard after work at the end of the day; it was not part of a pipelayer or grademan's duties to load and unload the work trucks. *See* Exhibit B at 18:3-25. Plaintiff testified that "I could have just stayed outside and left, and no one would ask me why I was leaving." Exhibit A at 14:15-20.

19. At all times material to Plaintiff's claim, Acosta Tractors posted in its offices the required Fair Labor Standard Acts posters in a location which would be visible to employees

3

when they enter the offices to speak with their supervisor or pick up their pay checks. *See* Exhibit B at 30:22-31:9.

20. Acosta Tractors maintained paper time sheets for each of its employees. *See* Exhibit B at 14:17-15:11.

21. Time records were kept by the job site foreman, who would write down the time each employee arrived at the job site and began working, along with when each employee took a break for lunch and when each employee finished at the end of the day. *See* Exhibit B at 15:12-25.

22. At all times material to the Complaint, Acosta Tractors' policy was to pay overtime for all hours worked over forty in a work week. *See* Exhibit B at 29:15-24, Exhibit C at 11:15-12:1.

23. Plaintiff's time records and payroll records reflect that Acosta Tractors paid Plaintiff approximately 15.56 hours of overtime between September 17, 2012 and March 8, 2013. *See* Exhibit D, Affidavit of Felix Acosta with Timesheets and Payroll Records.

24. Plaintiff was paid overtime for any week in which his time card reflected he worked more than 40 hours. *See* Exhibit C at 11:15-12:1. This ranged from as little as three minutes of overtime to as much as nine hours of overtime in a given week. *See* Exhibit D.

25. Between September 17, 2012 and March 8, 2013, Plaintiff signed his time sheets each week, acknowledging the accuracy of the time reported. *See* Exhibit D.

26. Plaintiff filed his initial Complaint in federal court on September 17, 2015. *See* DE 4.

| | |
|---|---|
| Respectfully submitted: | */s/ Holly L. Griffin* |
| | Raymond V. Miller |
| | Florida Bar No. 328901 |
| | Email: rmiller@gunster.com |
| | Gunster, Yoakley & Stewart, P.A. |
| | 600 Brickell Avenue, Suite 3500 |
| | Miami, FL 33131 |
| | Telephone: 305-376-6000 |
| | Facsimile: 305-376-6010 |
| | Holly L. Griffin |
| | Florida Bar No. 93213 |
| | Email hgriffin@gunster.com |
| | Gunster, Yoakley & Stewart, P.A. |
| | 777 S. Flagler Drive, Suite 500 East |
| | West Palm Beach, FL 33401 |
| | Telephone: 561-655-1980 |
| | Facsimile: 561-655-5677 |
| | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 8, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Holly L. Griffin*
HOLLY L. GRIFFIN

## **SERVICE LIST**

**Julio Hernandez Hernandez, et al. v. Acosta Tractors Inc., et al**
**Case No. 15-cv-23486- Moreno**

Rivkah F. Jaff, Esq.
Email: rivkah.jaff@gmail.com
Jamie H. Zidell, Esq.
Email: zabogado@aol.com
Natalie Staroschak, Esq.
Email: nstar.zidellpa@gmail.com
J.H. Zidell, P.A.
300 71st Street, #605
Miami Beach, FL 33141
Telephone:  305-865-6766
Facsimile:  305-865-7167
*Counsel for Plaintiffs*

WPB_ACTIVE 8967471.1