UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-23486-CIV-FAM

JULIO HERNANDEZ HERNANDEZ, and all
others similarly situated under 29 U.S.C.
216(B),

       Plaintiff,

vs.

ACOSTA TRACTORS, INC.
FELIX F. ACOSTA,
ALEX ROS,

       Defendants.
_____/

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITON TO DEFNDANTS' MOTION FOR SANCTIONS FOR FAILURE TO MEDIATE

Defendants, Acosta Tractors, Inc. ("Acosta Tractors"), Felix F. Acosta ("Acosta") and Alex Ros, hereby reply to Plaintiff's opposition to Defendants' motion for an order granting Defendants their attorneys' fees and costs associated with Plaintiff's failure to attend mediation and in support thereof state:

Plaintiff claims that "[t]he Order did not specify that the individual with authority to enter into a full and complete compromise could not be Counsel of Record." However, the plain language of the Order setting mediation mandates attendance of "counsel **and** each party or representatives of each party . . ." *See Those Certain Underwriters at Lloyd's, London v. GMC Land Services, Inc.*, 2007

WL 3306964 (S.D. Fla. Nov. 6, 2007) (permitting an attorney to serve as a party representative at mediation when "he is not and was not at the time of the mediation counsel of record"). Under Plaintiff's interpretation of the Order, a party would *never* have to attend mediation, because he or she could simply authorize counsel to settle on his or her behalf. This would undermine the very purpose of mediation, which is to require the parties to evaluate the strengths and weaknesses of their case and potentially reach a resolution. It also creates an inherent conflict between the party and his or her counsel, particularly in a case such as this one where Plaintiff's counsel claims tens of thousands of dollars more in fees than the Plaintiff claims he is damaged.

Importantly, Plaintiff never notified Defendants (or it appears the mediator) until the filing of the opposition to the Motion for Sanctions that he was unable to attend due to car trouble. It is troubling that Plaintiff's counsel would not have conveyed this information to Defendants until the filing of these motions.

During the mediation on November 20, 2018, the undersigned told Plaintiff's counsel, Rivkah Jaff, that Defendants would be seeking a resolution with the Court for Plaintiff's failure to appear. The only response offered at that time was that counsel had Plaintiff's written authority to proceed. (It is unclear when Plaintiff provided this authority or how he was able to provide it, yet was unable to find a cell signal or landline to make himself available by phone.)

In an abundance of caution, Defendants again attempted to confer with Plaintiff's counsel on November 27, 2018 to determine whether the parties could resolve the matter without court intervention.  Plaintiff's counsel advised that Plaintiff would be filing his own motion for sanctions for Defendants' "failure" to mediate when Plaintiff had given authority to his counsel to settle.[1]  At no time prior to filing the response to Defendants' Motion did counsel for Plaintiff notify Defendants of the alleged reasons for Plaintiff's failure to appear.  This is despite the fact that Plaintiff's affidavit is allegedly signed on November 21, 2018—one day after the scheduled mediation and almost a full week before Defendants filed their motion for sanctions.

Plaintiff was obligated to attend mediation by this Court's order and by the local rules.  Plaintiff failed to do so and did not offer Defendants any explanation other than to repeatedly state that Plaintiff's counsel had "full authority" to settle.  That Plaintiff's counsel would, for the first time, notify Defendants of the alleged reasons that Plaintiff did not attend mediation only in response to Defendants' motion for sanctions shows that it is not Defendants who are acting with vengeance and vexatiously causing additional litigation.  Any counsel operating in good faith

---

[1] Plaintiff's counsel is also misguided in suggesting Defendants did not properly meet and confer.  These two motions are mutually exclusive—the parties will not be able to resolve Defendants' Motion for Sanctions if Plaintiff is filing a competing motion for sanctions for the same issue.

3

would have notified Defendants right away about the alleged circumstances of Plaintiff's failure to appear.

For all of the reasons stated in Defendants' Motion for Sanctions for Failure to Attend Mediation as well as those discussed herein, Defendants respectfully request the Court grant their motion.

WHEREFORE, respectfully request that his Honorable Court enter an order relieving Defendants' of any further obligations to mediate and awarding $2,775.00 in attorneys' fees and costs for Plaintiff's failure to attend mediation, along with all further relief as this Honorable Court deems just.

Respectfully submitted:

*/s/ Holly L. Griffin*
Raymond V. Miller
Florida Bar No. 328901
Email:  rmiller@gunster.com
Gunster, Yoakley & Stewart, P.A.
600 Brickell Avenue, Suite 3500
Miami, FL 33131
Telephone:  305-376-6000
Facsimile:  305-376-6010
Holly L. Griffin
Florida Bar No. 93213
Email  hgriffin@gunster.com
Gunster, Yoakley & Stewart, P.A.
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone:  561-655-1980
Facsimile:  561-655-5677
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 28, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Holly L. Griffin*
 HOLLY L. GRIFFIN

## SERVICE LIST

Rivkah F. Jaff, Esq.
Email: rivkah.jaff@gmail.com
Jamie H. Zidell, Esq.
Email: zabogado@aol.com
Natalie Staroschak, Esq.
Email: nstar.zidellpa@gmail.com
J.H. Zidell, P.A.
300 71st Street, #605
Miami Beach FL  33141
Telephone: 305.865.6766
Facsimile:  305.865.7167
*Counsel for Plaintiffs*

WPB_ACTIVE 9023038.2