SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-23486-CIV-FAM

JULIO HERNANDEZ HERNANDEZ and all )
others similarly situated under 29 U.S.C. )
216(B), )
)
)
            Plaintiff, )
      vs. )
)
)
ACOSTA TRACTORS INC, )
FELIX F. ACOSTA, )
ALEX ROS, )
)
            Defendants. )
_____ )

## PLAINTIFF'S RENEWED MOTION FOR DEFAULT, JURY TRIAL AS TO DAMAGES, OR IN THE ALTERNATIVE MOTION TO CONDUCT EVIDENTIARY HEARING ON DEFENDANTS' INABILITY TO PAY ARBITRATION FEES AND COSTS[1]

NOW COMES the Plaintiff, by and through counsel, pursuant to the Federal Rules of Civil Procedure, 29 U.S.C. 216(b), and the Court's inherent power, and files the above-described Motion, respectfully requesting the entry of Final Default Judgment as to Defendants, jointly and severally, for a Jury Trial as to only damage, or in the Alternative, a Motion to Conduct an Evidentiary Hearing on Defendants' Inability to Pay Arbitration Fees and Costs, and in support thereof state as follows:

1.  On March 2, 2012, in *Garcia,* Plaintiff instituted an action against Defendants, jointly and severally, sounding under the Fair Labor Standards Act (the "FLSA" or "Act") 29 U.S.C. §§

_____

[1] Plaintiffs respectfully request this Court take Judicial Notice of the proceedings in the sister case, *Martin Omar Garcia., et al. v. Acosta Tractors, et al.,* Case No.: 12-21111-CIV-SIMONTON (hereinafter *Garcia)*, and the related arbitration that was ultimately terminated.

201-216 alleging unpaid overtime wages and violation of § 22.3 Code of Miami Dade County for under-payment of wages. [DE1].

2. In *Garcia,* on September 17, 2012, Defendants moved the Court to Dismiss the Complaint, to Stay the Proceedings, and Compel Arbitration [DE31].

3. In *Garcia*, on February 7, 2013, the Court granted Defendants' Motion [DE31], stayed the proceedings, and compelled the Parties to Arbitration. [DE43].

4. On November 14, 2013, Arbitrator Hal Smith was appointed to the *Garcia* matter.

5. In *Garcia,* on April 6, 2015, Defendants' Motion for Partial Summary Judgment on Plaintiffs' Retaliation claims was granted.

6. In *Garcia,* on April 21, 2015, Defendants' Motion for Partial Summary Judgment on Individual Employer (Frank Acosta) was denied by Arbitrator Smith.

7. In *Garcia,* on April 25, 2015, Defendants' Motion for Partial Summary Judgment on Plaintiffs' allegations that individual Defendant, Frank P. Acosta, is an individual employer was denied.

8. On May 5, 2015, the Second Interim Invoice was submitted in the amount of $25,110 for services from April 5, 2014-April 25, 2015 – primarily for services related to Defendants' Motion for Partial Summary Judgment on Retaliation Claim and Defendants' Motion for Partial Summary Judgment on Individual Employer issues in *Garcia*.

9. On May 19, 2015, Defendants made partial payment of the Second Interim Invoice leaving balance of $6,460 and no further advance was made in *Garcia*.

10. On September 17, 2015, the instant matter of *Hernandez v. Acosta Tractors, Inc., Felix F. Acosta, and Alex Ros,* Case No.: 15-23486-CIV-FAM ("*Hernandez*") was initiated.

11. On October 8, 2015, in *Hernandez,* Defendants filed a Motion to Dismiss the Complaint and/or Compel Arbitration, Stay Proceedings and Memorandum of Law in Support thereof [D.E. 9] [D.E. 10].

12. On November 12, 2015, this Court Granted the Defendants' Motion to Compel Arbitration and closed the case [D.E. 17] in *Hernandez.*

13. Defendants thereafter attempted to reopen the case and lift the stay [D.E. 18] [D.E. 21] [D.E. 29] and these attempts were all rejected by the Court [D.E. 20] [D.E. 28] [D.E. 33] in *Hernandez.*

14. On October 16, 2015, a Status Conference was held on Defendants' Motion to Continue Final Hearing and the amount of $10,000 was levied against Defendants as a 4 day-cancellation fee in *Garcia.*

15. Thereafter, on June 2, 2016, Arbitrator Smith issued an Order for Defendants to pay an advance deposit in the amount of $19,850 within 10 business days of said Order in *Garcia.*

16. On June 16, 2016, Defendants requested a one-week extension (through to 6/22/16) to submit advance deposit, which was granted in *Garcia.*

17. On June 22, 2016, Defendants filed a Motion to waive the $10,000 cancellation fee or for same to be applied to future arbitrator compensation.

18. In *Garcia,* Arbitrator Smith ruled on Defendants' Request for Waiver or Application of Cancelation of Fee to Future Arbitrator Compensation finding that Defendants "failed to set forth any basis to justify waiver of the cancellation fee, or application of the $10,000.00 fee to future arbitrator compensation." Arbitrator Smith, on said date, also ruled that if full deposit is not made by September 14, 2016, an Order will be issued, pursuant to Rule 47, suspending or terminating the arbitration proceedings, which will not relieve the Parties of their obligation to

pay the arbitrator's fees and any AAA fees to the date the proceedings are terminated. *See,* Exhibit "A."

19. In *Garcia,* on August 18, 2016, Defendants filed their Motion to Disqualify Arbitrator Smith. *See,* Exhibit "B."

20. As such, In *Garcia,* on August 29, 2016, the AAA determined that Arbitrator Smith would be reaffirmed as arbitrator and denied Defendants' Motion to Disqualify Arbitrator Smith. *See,* Exhibit "C."

21. In *Garcia,* on August 31, 2016, Defendants filed a Motion for Extension of Time to make payment which was ultimately granted on September 14, 2016. *See,* Exhibit "D."

22. On October 7, 2016, Defendants failed to make payment and failed to demonstrate financial inability and/or propose a payment plan in *Garcia*.

23. Although Defendants moved the Court to compel arbitration, on October 17, 2016, after approximately three years and three months after initially moving to compel arbitration in the *Garcia* matter, Defendants moved to re-open the matters of *Hernandez and Garcia,* and to Lift Stay and to Consolidate [DE18], [DE25], [DE48] respectively, and to proceed with a non-jury trial. Defendants contended that arbitration had become too costly, without attaching any financial documents in support of their position, and, unhappy with the arbitrators' ruling, contended that the arbitration forum had refused to consolidate this matter with the *Hernandez* matter. *Id.*

24. As indicated by the *Garcia* docket, on October 20, 2016, Plaintiff's counsel filed a copy

of the Order Terminating Arbitration, signed by Arbitrator Harold Smith on 10/20/16.   As indicated at Page 12 of the Order, the Arbitration was terminated because the Defendants did not pay the Arbitrator's fees and violated Rule 46 of the AAA's Rules.[2]   See Exhibit E.

25. On January 3, 2017, in *Hernandez,* Defendants Requested to Suspend the Arbitration proceedings because of their alleged inability to financially support the expense of two separate cases and waived their right to arbitration. Exhibit F.

26. On March 6, 2017, in *Hernandez,* the Arbitrator suspended the case due to the nonpayment of the Arbitrator's Fees. Exhibit G.

27. On March 15, 2017, Plaintiff moved for Default Judgment as to Liability [D.E. 31] in *Hernandez.*

28. On April 26, 2017, this Court entered a Default Judgment in favor of the Plaintiff [D.E. 36] in *Hernandez.*

29. Thereafter, the Defendants appealed the Court's Order on Motion for Default to the Eleventh Circuit Court of Appeals [D.E. 44] in *Hernandez.*

30. On September 6, 2018, the Appellate Court Mandate was issued vacating and remanding the District Court's Order of Default [D.E. 62] in *Hernandez.*

31. The Eleventh Circuit stated the following regarding this case:

> A calculated choice to abandon arbitration after getting adverse rulings from the arbitrator certainly looks like forum shopping. And this type of behavior would surely be a factor the District Court could consider in deciding whether to sanction Acosta by entering a default.

> *Hernandez v. Acosta Tractors Inc.*, 898 F.3d 1301, 1306 (11th Cir. 2018). See [D.E. 62]

---

[2] This failure to pay the Arbitrator's fees finalized after the Arbitrator granted Defendants several requested extensions to pay same.

32.    The Eleventh Circuit Court of Appeals left the question as to whether sanctions are appropriate open to interpretation by the District Court [D.E. 62].

33. Defendants were clearly forum shopping and attempting to cherry-pick the portions of the alleged Arbitration Agreements to suit their needs and to the detriment of Plaintiffs.

34. Due to the long drawn-out issues in this matter, caused by Defendants, who vexatiously caused unnecessary arbitration proceedings as the Defendants previously sought arbitration and arbitrarily refused to pay for the arbitration costs without proof of inability to pay and after several adverse rulings were ordered Defendants not only delayed the proceedings but also closed the arbitration, a default should be entered against Defendants as to liability, and this matter should be tried before a Jury as to damages only. If this Court denies Plaintiff's Renewed Motion for Default, Plaintiff requests that this Court allow Plaintiff to conduct an Evidentiary Hearing to Determine Whether Defendants had an inability to pay the Arbitrator Costs. Moreover, Defendants should be required to pay all fees and costs accrued by Plaintiffs to date, including, without limitation, in the arbitration, along with future reasonable attorneys' fees and costs upon collection of the Final Default Judgment to be filed in one motion at the conclusion of the collection and to be determined by this Court upon collection of the default judgment, for the Court to retain jurisdiction to entertain said fees and cost motion, including, without limitation, in the arbitration, which will include fees and costs to date, including, without limitation, in the arbitration, along with fees and costs associated with collection of the default, and for the Arbitrator's Dispositive rulings to be vacated.

## MEMORANDUM OF LAW

"At root, "arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion,* 563 U.S. 333, 339, 131 S. Ct. 1740, 1745 (2011). And the Federal Arbitration Act ("FAA") requires

courts to "place arbitration agreements on an equal footing with other contracts and enforce them according to their terms." *Id.* In keeping with this principle, Section 3 of the FAA requires courts to stay a case that is covered by a binding arbitration clause so it may proceed in arbitration. 9 U.S.C. § 3. But a court is only required to grant a motion for a stay so long as "the applicant for the stay is not in default in proceeding with such arbitration." *Id." See, Hernandez v. Acosta Tractors Inc.,* 898 F.3d 1301, 1306 (11th Cir. 2018).

> "The Federal Rules of Civil Procedure give courts authority to enter default judgments or dismissals as sanctions. *See, e.g.,* Fed. R. Civ. P. 11(b)(1), (c) (providing for sanctions based on papers "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"); Fed. R. Civ. P. 37(b)(2)(A)(vi) (providing for the entry of a default judgment against a party who violates a discovery order); Fed. R. Civ. P. 41(b) (providing for dismissal when a plaintiff "fails to prosecute or to comply with these rules or a court order"). And beyond the federal rules, "[c]ourts have the inherent power to police those appearing before them." *Purchasing Power, LLC v. Bluestem Brands, Inc.,* 851 F.3d 1218, 1223 (11th Cir. 2017). This includes the power "to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* (quotation omitted). But in order for a court to impose a sanction pursuant to its inherent authority, it must make a finding that the sanctioned party acted with subjective bad faith. *Id.* at 1224. And such a bad faith finding must be made in compliance "with the mandates of due process," requiring fair notice and an opportunity to be heard. *See Kornhauser v. Comm'r of Soc. Sec.,* 685 F.3d 1254, 1257 (11th Cir. 2012)."

*Id.* "To impose the ultimate sanction of default or dismissal pursuant to Rule 37 requires a finding of bad faith on the part of the non-complying party, however. *Societe Internationale pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 212 (1958)." *Sream, Inc. v. Stop N Go of Delray, Inc.,* No. 16-81660-CIV, 2018 WL 3730240, at *2 (S.D. Fla. Feb. 13, 2018). As noted by the Eleventh Circuit in *Amlong*, the requirement of imposing sanctions pursuant to 28 U.S.C. §1927 requires a higher standard.    See *SEC v. Creative Capital*

*Consortium, LLC*, 2009 U.S. Dist. LEXIS 116312 (S.D. Fla. Nov. 24, 2009) citing *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001) (quoting *Chambers v. NASCO*, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). The Court also has the inherent power to police its docket

The record is clear that Defendants forced Plaintiffs into arbitration and said arbitration was ultimately terminated because Defendants intentionally and deliberately refused to pay fees and violated Rule 46 of the AAA's Rules – after having been granted several extensions to ensure payment. Further, the record in arbitration makes it clear that only after receiving several unfavorable rulings did Defendants intentionally and deliberately refuse to pay fees and sought to re-open the instant action and the *Garcia* case in the District Court.

In addition to deciding whether a valid agreement to arbitrate exists, sometimes courts must also determine whether the right to arbitrate has been waived. *See Ivax Corp*., 286 F.3d at 1315. "The party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 92, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000). Given the strong policy favoring arbitration, any party arguing waiver bears a heavy burden. *See, Stone v. E.F. Hutton & Co*., 898 F.2d 1542, 1543 (11th Cir. 1990). "Nevertheless, the doctrine of waiver is not an empty shell. Waiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party." *Morewitz v. W. of England Ship Owners Mut. Prot. & Indem. Ass'n*, 62 F.3d 1356, 1366 (11th Cir. 1995). "Waiver of a right to compel arbitration through delay is consistent with 'Congress'[s] clear intent, in the Arbitration Act, to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible[.]'" *See In re Checking Account Overdraft Litig*., 829 F. Supp. 2d 1316, 1323

(S.D. Fla. 2011) (King, J.) (citation omitted).  The Eleventh Circuit has prescribed a two-part inquiry to determine whether a party has waived its right to arbitrate. *See Ivax Corp*., 286 F.3d at 1315-16. The Court must first consider whether "under the totality of the circumstances," the party "has acted inconsistently with the arbitration right"; and second, whether by doing so, that party "has in some way prejudiced the other party." *See S & H Contractors, Inc. v. A.J. Taft Coal Co*., 906 F.2d 1507, 1514 (11th Cir. 1990). Assuming a valid agreement to arbitrate exists between the parties in this case, the Court finds that Defendants waived the right to arbitrate. *Lewis v. Keiser Sch., Inc.*, 2012 U.S. Dist. LEXIS 132861, 5-6 (S.D. Fla. Sept. 18, 2012).

The problematic nature of this litigation has been severely exacerbated by Defendants as Defendants in *Garcia*, and *Hernandez* forced Plaintiffs to submit to arbitration, and abandoned same without adequate justification.[3]

"[W]hen the purpose of arbitration—to provide a cost-effective and efficient means of resolving a claim—is thwarted by a party's default in failing to pay the required fees[,] the Court believes that the paying party's right to have its dispute adjudicated and not to be unreasonably held at the mercy of a nonpaying party outweighs the strong presumption in favor of arbitration." *Pre-Paid Legal Services, Inc. v. Cahill*, 786 F.3d 1287, 1299 (10th Cir. 2015), *cert. denied*, 136 S. Ct. 373 (2015).

However, the Court should not permit Defendants to have these matters sent back to the District Court without consequence, after the Defendants vexatiously caused unnecessary arbitration proceedings. Analogously, the *SWAB Fin.* case stated that the "plaintiff failed to appear at the arbitration; and an award was entered in defendant's favor."    *SWAB Fin. v. E\*Trade Sec.,* 58 Cal. Rptr. 3d 904, 917 (Ct. App. 2007).  The court then held that "[t]he order

---

[3] As explained herein, it appears that the Defendants' decision to abandon Arbitration was due to unfavorable ruling made by the Arbitrator in *Garcia*.

vacating the arbitration award is reversed." *SWAB Fin. v. E\*Trade Sec.,* 58 Cal. Rptr. 3d 904, 920 (Ct. App. 2007).  As set forth herein and based on the specific facts of the case at bar, Plaintiffs respectfully request the Court find that Defendants have waived their right to enforce the arbitration agreements and respectfully request the Court enter a final default judgment against Defendants, jointly and severally as the ultimate sanction for vexatiously causing unnecessary arbitration proceedings and in bad faith refusing to arbitrate. Plaintiffs also respectfully request that subsequent to the entry of final default judgment as to Defendants, jointly and severally, that Plaintiffs be entitled to a jury trial on their claims for damages and any other relief the Court deems just and appropriate in light of the facts herein. Clearly the arbitrator in *SWAB Fin.* had the authority to enter an award against the plaintiff who failed to appear at the final hearing, and therefore, the District Court in the instant matter should find that it has authority to enter a default against the Defendants, who have in bad faith refused to arbitrate which caused Arbitrator Smith to terminate the Arbitration in *Garcia* and Arbitrator Feldman to terminate the Arbitration in *Hernandez.*

Defendants disrupted the arbitration because they did not want to pay the required fees, after experiencing adverse rulings by the Arbitrator as follows:

> (1) On April 21, 2015, Defendants' Motion for Partial Summary Judgment on Individual Employer (Frank Acosta) was denied by Arbitrator Smith;
> (2) On April 25, 2015, Defendants' Motion for Partial Summary Judgment on Plaintiffs' allegations that individual Defendant, Frank P. Acosta, is an individual employer was denied by Arbitrator Smith;
> (3) On October 16, 2015, a Status Conference with Arbitrator Smith was held on Defendants' Motion to Continue Final Hearing and the amount of $10,000 was levied against Defendants as a 4 day-cancellation fee;
> (4) On April 18, 2016, Arbitrator Smith denied Defendants' Motion to Consolidate the *Garcia/Cardova* matter with the *Hernandez* matter;
> (5) On June 2, 2016, Arbitrator Smith issued an Order for Defendants to pay an advance deposit in the amount of $19,850 within 10 business days of said Order;
> (6) On August 1, 2016, Arbitrator Smith denied Defendants' Motion for Reconsideration of Motion to Consolidate;

(7) On August 1, 2016, Arbitrator Smith ruled on Defendants' Request for Waiver or Application of Cancelation of Fee to Future Arbitrator Compensation finding that Defendants "failed to set forth any basis to justify waiver of the cancellation fee, or application of the $10,000.00 fee to future arbitrator compensation.";

(8) on August 1, 2016, Arbitrator Smith also ruled that if full deposit is not made by September 14, 2016, an Order will be issued, pursuant to Rule 47, suspending or terminating the arbitration proceedings, which will not relieve the Parties of their obligation to pay the arbitrator's fees and any AAA fees to the date the proceedings are terminated;

(9) On August 18, 2016, Defendants filed their Motion to Disqualify Arbitrator Smith;

(10) On August 29, 2016, the AAA determined that Arbitrator Smith would be reaffirmed as arbitrator and denied Defendants' Motion to Disqualify Arbitrator Smith;

(11) On September 14, 2016, Arbitrator Feldman in the *Hernandez* matter denied Defendants' Motion for Consideration of Motion to Consolidate, the same motion that was previously submitted to Arbitrator Smith in the *Garcia/Cardova* matter which was denied therein; Defendants were clearly forum shopping and attempting to obtain a second bite at the apple; and

(12) On October 7, 2016, Defendants failed to make payment and failed to demonstrate financial inability and/or propose a payment plan.

This is not a case where Defendants simply could not pay the arbitration fees any longer but rather, Defendants acted in bad faith in choosing not to pay its arbitration fees. After all, the record evidence demonstrates that Defendants quit paying after the arbitrator failed to consolidate the *Hernandez* case with the *Garcia/Cardova* case and because it thought the arbitrator had allowed too much discovery. Defendants also noted in their filings that arbitration was set to cost more than *Hernandez's* claim was worth. A calculated choice to abandon arbitration after getting adverse rulings from the arbitrator certainly is forum shopping! Further, Defendants continually sought[4] to consolidate all three cases referenced above. The issue of consolidation in *Hernandez* was denied on four occasions. This is further evidence that Defendants are transparently forum shopping! There is a great policy interest in preventing forum shopping. *Villeda Aldana v. Fresh Del Monte Produce, Inc.*, 001-3399-CIV-

---

[4] On several occasions and without accurately apprising the Court of their prior unsuccessful attempts.

MORENO, 2007 WL 3054986, at *5 (S.D. Fla. Oct. 16, 2007). This type of behavior surely is a factor to be considered by this Court in deciding whether to sanction Defendants by entering a default judgment. *See also, Hernandez v. Acosta Tractors Inc.,* 898 F.3d 1301 (11th Cir. 2018).

At the same time, a party's good faith inability to afford the arbitration fees would be a factor properly considered to weigh against such a sanction. "…[A] party's good faith inability to afford the arbitration fees would be a factor properly considered to weigh against such a sanction. *See Tillman v. Tillman*, 825 F.3d 1069, 1074 (9th Cir. 2016) (finding that plaintiff's inability to pay arbitration fees was "not culpable and so does not merit a harsh penalty, particularly given the public policy favoring disposition of cases on their merits" (quotation omitted))." The Southern District of Florida has previously found for example that "[t]here is no record evidence as to Kotch's personal financial resources, assets or income, and his conclusory assertion that arbitration costs would be "cost prohibitive" is insufficient. *See, Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1260 (11th Cir. Mar. 28, 2003) (finding that contention in litigant's affidavit that he feared the imposition of prohibitive fees was "wholly inadequate to establish that the arbitration would result in prohibitive costs that force him to relinquish his claim"); *See also, Kotch v. Clear Channel Broad., Inc.*, 17 Fla. L. Weekly Fed. D 401 (S.D. Fla. 2004). With respect to *Musnick,* the point is that the Eleventh Circuit stated that "[u]nder *Green Tree,* Musnick has an obligation to offer evidence of the amount of fees he is likely to incur, **as well as of his inability to pay those fees**." (emphasis added) *Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1260 (11th Cir. Mar. 28, 2003).

Thus, this Court should find the Defendants failed, neglected, or refused to arbitrate; Defendants merely made conclusory assertions that they were unable to pay and failed to provide any support thereof (i.e. financial documents, etc.). Defendants' conduct was clearly deliberate

and intentional, and Arbitrator Smith and Arbitrator Feldman found in their Orders, referenced herein, that the Arbitration was terminated because the Defendants did not pay the fees and violated Rule 46 of the AAA's Rules -- after having granted several extensions for Defendants to comply.[5] Incredulously, Defendants never provided any verifiable financial documentation to attest that Defendants are actually "unable" to pay for the arbitration fees.[6] Defendants never submitted any affidavits, tax returns, bank statements or other evidence, to provide the Court with any proof of an actual inability to pay. Rather, Defendants in this case dragged Plaintiffs through lengthy arbitration that Plaintiffs opposed, and now have disrupted the arbitration because they do not want to pay the required fees, after experiencing adverse rulings by the Arbitrator. Thus, Defendants have not at all justified their apparent intentional abandonment of the arbitration process they compelled to Plaintiffs' detriment but rather simply abandoned the arbitration process without good cause.

Based on the aforesaid, the Court should find that Defendants have vexatiously multiplied the proceedings in forcing arbitration and then intentionally abandoning same without providing adequate justification. *See, Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)(conduct is vexatious and unreasonable when it "results in proceedings that would not have been conducted otherwise[]"). Defendants have unnecessarily caused the Plaintiffs in *Garcia*, *Cordova* and *Hernandez* to engage in time-consuming arbitration proceedings unnecessarily. Therefore sanctions are warranted as Defendants have in bad faith caused unnecessary litigation. The Court has authority to impose attorneys' fees and costs and enter a

---

[5] In *Hernandez v. Acosta Tractors Inc.,* 898 F.3d 1301 (11th Cir. 2018), the Court found that "[a] calculated choice to abandon arbitration after getting adverse rulings from the arbitrator certainly looks like forum shopping."

[6] Logically, Defendants should pay for the Arbitration that they moved to compel over Plaintiffs' objections.

default.   Analogously, in *Onebeacon Insurance Company v. Milbourne*, 2005 WL 3797628, (N.D. Ga. 2005) the district court found that failures to obey discovery orders regarding, *inter alia*, interrogatories and request for production can include striking pleadings or parts thereof and also default judgments.   It is abundantly clear, Defendants conduct has impacted (3) district court cases (*Garcia*, *Cordova* and *Hernandez*) to Plaintiffs' detriment.

    In light of Defendants' conduct in this matter, the Court should sanction Defendants.   The Court should not permit parties to waste judicial resources by compelling arbitrations, which are later abandoned in bad faith by the party requesting same, resulting in significant wasted arbitration proceedings that fester over a period of several years.

    Notwithstanding that Defendants have intentionally refused to arbitrate, they still are trying to benefit from the arbitration agreement to deny Plaintiffs a Jury trial.   It seems clear Defendants conduct is intentional and they have more than waived their rights at this time to seek benefits from the arbitration agreement.[7]   The Arbitration Agreements filed in the related cases are as follows: *Hernandez* [DE9-1]. The Arbitration Agreement states that "I and SOI further mutually waive any right to a jury trial." This matter should proceed to a Jury Trial on damages, and a default on liability entered versus the Defendants. Defendants are transparently forum shopping as they compelled arbitration, and now are attempting to return to the District Court because they are unhappy with Arbitrator Smith's rulings in the *Garcia* case. The arbitrator's dispositive rulings should be vacated as a further sanction since Defendants have abused and abandoned the arbitration process and failed to pay for same.

---

[7] Defendants' transparent attempt to "cherry pick" provisions from the Arbitration Agreement, while manipulating the judicial process, should be admonished and rejected outright by this Court.

WHEREFORE PLAINTIFFS RESPECTFULLY REQUEST THAT FINAL DEFAULT JUDGMENT BE ENTERED AGAINST DEFENDANTS, JOINTLY AND SEVERALLY, AS TO LIABILITY, AND ORDER THIS MATTER TO BE TRIED BEFORE A JURY AS TO DAMAGES ONLY. IF THIS COURT DENIES PLAINTIFF'S RENEWED MOTION FOR DEFAULT, PLAINTIFF REQUESTS THAT THIS COURT ALLOW PLAINTIFF TO CONDUCT AN EVIDENTIARY HEARING TO DETERMINE WHETHER DEFENDANTS HAD AN INABILITY TO PAY THE ARBITRATOR COSTS. MOREOVER, PLAINTIFF RESPECTFULLY REQUESTS AN AWARD OF ALL FEES AND COSTS TO DATE, INCLUDING, WITHOUT LIMITATION, IN THE ARBITRATION, ALONG WITH FUTURE ATTORNEYS' FEES AND COSTS UPON COLLECTION OF THE FINAL DEFAULT JUDGMENT TO BE FILED IN ONE MOTION AT THE CONCLUSION OF THE COLLECTION AND TO BE DETERMINED BY THIS COURT UPON COLLECTION OF THE DEFAULT JUDGMENT, FOR THE COURT TO RETAIN JURISDICTION TO ENTERTAIN SAID FEES AND COST MOTION, INCLUDING, WITHOUT LIMITATION, IN THE ARBITRATION, WHICH WILL INCLUDE FEES AND COSTS TO DATE, INCLUDING, WITHOUT LIMITATION, IN THE ARBITRATION, ALONG WITH FEES AND COSTS ASSOCIATED WITH COLLECTION OF THE DEFAULT. *See DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009). PLAINTIFFS ALSO RESPECTFULLY REQUEST THE ARBITRATOR'S DISPOSITIVE RULINGS BE VACATED.

## **CERTIFICATE OF CONFERRAL**

Defendants oppose the Motion.

Respectfully submitted,

NATALIE STAROSCHAK, ESQ.
J.H. ZIDELL, P.A.
ATTORNEY FOR PLAINTIFF
300 71ST STREET, #605
MIAMI BEACH, FL 33141
PH: 305-865-6766
FAX: 305-865-7167
EMAIL: NSTAR.ZIDELLPA@GMAIL.COM
F.B.N. 116745

BY:___/s/___Natalie Staroschak_____
NATALIE STAROSCHAK, ESQ.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING
WAS PROVIDED VIA CM/ECF ON 12/11/18 TO THE FOLLOWING:

HOLLY LYNN GRIFFIN, ESQ.
GUNSTER, YOAKLEY , STEWART, P.A.
777 S. FLAGLER DR., SUITE 500 EAST
WEST PALM BEACH, FL 33401
PH: 561-650-0697
EMAIL: HGRIFFIN@GUNSTER.COM

RAYMOND V. MILLER, ESQ.
GUNSTER YOAKLEY & STEWART
BRICKELL WORLD PLAZA
600 BRICKELL AVENUE, SUITE 3500
MIAMI, FL 33131-1897
PH: 305-376-6048
FAX: 376-6010
EMAIL: RMILLER@GUNSTER.COM

BY:___/s/___Natalie Staroschak_____
NATALIE STAROSCHAK, ESQ.